J-S25016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KRAFT CONCRETE PRODUCTS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GILBERT DAHLSTROM | |
| Appellant | No. 917 WDA 2015 |

Appeal from the Order Entered May 14, 2015
In the Court of Common Pleas of Venango County
Civil Division at No(s): Civil 1267-2012
Civil No. 1677-2004

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                        **FILED MARCH 21, 2016**

Appellant, Gilbert Dahlstrom, appeals from the May 14, 2015 order denying his motion to reinstate his post-verdict and appellate rights *nunc pro tunc*.  After careful review, we affirm.

The trial court summarized the facts and procedural history of this case as follows.

> [This case] involves litigation dating back to 2004, sounding in trespass, with many docketed Opinions and Orders.  Relevant to the current appeal, [the trial] court held a trial in July 2014 regarding Appellant's continued trespass on [the] property [of Kraft Concrete Products, Inc. (Appellee)] in violation of court orders.  Following the trial[,] the [trial] court issued [an] Order and accompanying Findings dated January 22, 2015, and filed [it] with the Venango County Prothonotary January 23, 2015.  The Order and Findings were in favor of Appellee.  On February 19, 2015 Appellant filed a [Pennsylvania Rule of Appellate Procedure

1925(b)] Concise Statement of Matters Complained of on Appeal and Notice of Appeal, without having filed post-trial motions.

By Order dated March 17[, 2015], the Superior Court noted that Appellant had failed to follow proper procedure by failing to file post-trial motions within ten days, therefore preserved no issues for appeal. The Order allowed for Appellant to address a letter to show cause as to why the appeal should not be dismissed. On March 25[, 2015], Appellant requested an extension to respond to the Rule to Show Cause, which the Superior Court granted March 27[, 2015]. On April 6[, 2015], Appellant again requested additional time, which was granted by the Superior Court [on] April 10[, 2015], by Order also noting that no further extensions would be permitted. An examination of the Superior Court docket does not indicate a letter ever being filed, and on May 5, 2015, the Superior Court dismissed the appeal *sua sponte* because issues were not preserved for appeal by post-trial motions. [Superior Court Order, 290 WDA 2015, 5/5/15, at 1.]

Following the Superior Court's May 5[, 2015] Order, Appellant filed Motion to Reinstate the Defendant's Post Verdict and Appellate Rights *Nunc Pro Tunc*. In this motion, Appellant made no representations as to why the deadline to file post-trial motions was missed, why Appellant did not write the letter to show cause requested by the Superior Court, or the legal grounds on which post-trial motions would lie. The motion only states [it] would not prejudice Appellees, and requests the [trial] court to permit Appellant to raise issues in post-trial motions or on appeal. The [trial] court denied the motion by Order dated May 13[, 2015, and entered May 14, 2015].

Trial Court Opinion, 11/4/15, at 1-2.[1]  On June 11, 2015, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant presents the following issue for our review.

> Whether the trial court abused its discretion or erred as a matter of law in denying [Appellant's] motion for an appeal *nunc pro tunc*[?]

Appellant's Brief at 5.

This Court reviews the denial of permission to file a post-trial motion *nunc pro tunc* according to the following principles.

> The decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court. **Korn v. Consol. Rail Corp.**, 512 A.2d 1266 (Pa. Super. 1986).  We will not reverse unless the trial court abused its discretion. **Id.** at 1269.

---

[1] We note that the trial court's opinion does not contain pagination.  For ease of review, we have assigned each page a corresponding page number.

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Moreover, we note that it appears Appellant is now deceased.  On February 18, 2016, during the pendency of this appeal, a letter from this Court to Appellant was returned with the envelope marked on February 16, 2016, "return to sender deceased."  No party has filed an application to substitute the personal representative of Appellant's estate as a party pursuant to Pennsylvania Rule of Appellate Procedure 502.  Nevertheless, we will address the merits of the appeal because Appellant's death does not moot this appeal as our decision may affect the rights of his estate. **See Shiomos v. Commonwealth State Employees' Ret. Bd.**, 626 A.2d 158, 158 n.1 (Pa. 1993) (noting that the death of the appellant while the appeal was pending "does not render the case moot as the outcome may have relevance to his estate …[]").

> [T]he standard of review applicable to the denial of an appeal *nunc pro tunc* is "whether the trial court abused its discretion." An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record."

*Freeman v. Bonner*, 761 A.2d 1193, 1194-1195 (Pa. Super. 2000) (citations omitted).

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by "extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" [W]here an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

*McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999) (citations omitted). Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001).

***Lenhart v. Cigna Cos.***, 824 A.2d 1193, 1195-1196 (Pa. Super. 2003) (parallel citations omitted).

Here, Appellant plainly asserts that "[he] was not negligent. [A]ppellant filed a timely appeal. … The extraordinary circumstances in the present case are the livelihood of [Appellant]." Appellant's Brief at 9. Appellant does not provide any further analysis of how he was not negligent.

The trial court found that Appellant did not offer an excuse for his complete failure to file a post-trial motion pursuant to Pennsylvania Rule of Civil Procedure 227.1. Trial Court Opinion, 11/4/15, at 3-4. The trial court reasoned as follows.

> Appellant has failed to allege any sort [of] fraud or breakdown in the court's operations through the actions of a court officer. Rather, in his motion, Appellant has not articulated any reason at all for the delay resulting in noncompliance with Rule 227.1(c)(2). In addition to failing to state a reason for delay in the motion to reinstate, Appellant chose not to avail himself of the opportunity to explain the delay provided by the Superior Court, despite receiving two extensions of time to submit the letter to show cause. The [trial] court therefore cannot compare the current factual situation to previous instances where courts of this Commonwealth have granted reinstatement of appellate rights *nunc pro tunc*, as the factual situation is not on the record. Appellant presents no extraordinary circumstances warranting reinstatement of appellate rights.

***Id.*** (citation omitted).

The trial court did not abuse its discretion by denying Appellant permission to file post-trial motions *nunc pro tunc*. Appellant has repeatedly

failed to offer any explanation of how his failure to file post-trial motions was the result of anything other than his negligent noncompliance with Rule 227.1. In his previous appeal to this Court, he failed to reply to a rule to show cause why the appeal should not have been dismissed for failing to file post-trial motions, despite receiving two extensions of time to do so. Superior Court Order, 290 WDA 2015, 5/5/15, at 1. Likewise, in his motion to reinstate his appellate rights *nunc pro tunc*, he failed to disclose the reason he did not file post-trial motions. Moreover, Appellant's brief lacks any analysis of how his failure to file post-trial motions was not negligent. "The grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." **Lenhart**, **supra** at 1197-1198. Therefore, Appellant's attempt to seek *nunc pro tunc* relief to excuse his failure to comply with Rule 227.1 fails.

Based on the foregoing, we conclude that the trial court did not abuse its discretion or err as a matter of law in its denial of Appellant's motion for permission to file a post-trial motion *nunc pro tunc*. **See id.** at 1196. Accordingly, we affirm the trial court's May 14, 2015 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2016