**Leroy M. LENHART**

v.

**CIGNA COMPANIES and Life Insurance Company of North America**

**Appeal of: Life Insurance Company of North America**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2003.
Filed May 13, 2003.

Jonathan H. Rudd, Harrisburg, for appellant.

Elizabeth A. Maguschak, Hazleton, for Life Ins. Co., appellee.

Conrad A. Falvello, Sugarloaf, for Lenhart, appellee.

Before: STEVENS, GRACI, and POPOVICH, JJ.

GRACI, J.:

¶ 1 Appellant, Life Insurance Company of North America (hereinafter "Life Insurance Company"), appeals the Judgment entered March 13, 2002, in favor of Appellee, Leroy M. Lenhart (hereinafter "Lenhart"), and against Life Insurance Company in the amount of $76,978.48. For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 On or about March 27, 1979, Lenhart purchased a disability insurance policy from Life Insurance Company, through a plan provided by the Pennsylvania Bar Association, for lifetime accident and five year sickness benefits. On or about March, 1984, Life Insurance Company sent Lenhart correspondence and an accompanying Rider to his policy unilaterally liberalizing the definition of "total disability" and specifically advising Lenhart that, should his disability commence before age 55, disability payments would double from five years to 10 years. Thereafter, Lenhart became disabled prior to attaining the age of 55, applied for benefits, and was paid benefits by Life Insurance Company for five years. Lenhart's breach of contract action arose out of the failure of Life Insurance Company to pay benefits to Lenhart after five years.

¶ 3 On September 21, 2001, following a non-jury trial, the trial court, the esteemed Judge Peter Paul Olszewski of the Court of Common Pleas of Luzerne County, issued a verdict in favor of Lenhart and against Life Insurance Company in the total amount of $76,978.48. Also on September 21, 2001, the trial court filed a memorandum which concluded: "Judgement in favor of [Lenhart] and against [Life Insurance Company] in the amount of Seventy-six Thousand Nine Hundred Seventy-eight and 48/100 ($76,978.48) Dollars (calculated as $65,000.00 Compensatory Damages and $11,978.48 as prejudgment interest)." Memorandum, 9/21/01, at 5. During the ten days following the filing of the trial court's decision, Life Insurance Company did not file post-trial motions. Following Lenhart's filing of a praecipe to have judgment entered against Life Insurance Company, judgment was entered on October 10, 2001. On November 5, 2001, Life Insurance Company filed its notice of appeal from the non-jury verdict dated September 21, 2001, and the entry of judgment upon the verdict entered October 10, 2001. On November 6, 2001, the trial court entered an order striking the purported final judgment entered by the Prothonotary on October 10, 2001. On December 3, 2001, Lenhart filed a motion to quash the appeal because Life Insurance Company had failed to file post-trial motions. That motion was granted by this Court on December 19, 2001. On December 28, 2001, Life Insurance Company filed a motion for reconsideration of our December 19, 2001, order. That motion was denied by this Court on February 12, 2002.

¶ 4 On February 19, 2002, Life Insurance Company filed a motion and support-

ing brief in the trial court seeking permission to file a post-trial motion *nunc pro tunc*. This motion was denied by the trial court on February 21, 2002. Judgment was entered in favor of Lenhart and against Life Insurance Company in accordance with Life Insurance Company's praecipe on March 13, 2002.

¶ 5 Life Insurance Company timely filed a notice of appeal on March 14, 2002, purporting to appeal from the order entered on February 21, 2002, denying its request for *nunc pro tunc* relief, as well as the judgment entered on March 13, 2002,[1] and now raises one issue for our review:

> Whether it is an abuse of discretion for a trial court to deny a motion for permission to file a post-trial motion *nunc pro tunc*, and consequently, deny [Life Insurance Company] the opportunity for appellate review of the trial court's decision, where the reason [Life Insurance Company] did not file a timely post-trial motion, but instead appealed to this Court, is that the trial court created confusion by granting judgment in favor of [Lenhart] and against [Life Insurance Company] in its decision following a nonjury trial, and [Lenhart's] counsel filed a praecipe to have judgment entered based on the trial judge's decision before the period for filing a post-trial motion had expired.

. . . . .

Brief for Appellant, at 4.

## II. DISCUSSION

¶ 6 Life Insurance Company argues that following the entry of judgment, it appeal-ed to this Court rather than filing post-trial motions because it believed that it could potentially waive any right to appeal if no appeal was filed. *Id.* at 14–15. Following the quashal of the appeal and denial of Life Insurance Company's motion for reconsideration, Life Insurance Company filed a motion in the trial court for permission to file a post-trial motion *nunc pro tunc* and explained to the trial judge that the reason for failing to file a post-trial motion was its belief that it was required to file an immediate appeal to the grant of judgment in favor of Lenhart. *Id.* at 15. Life Insurance Company contends that the trial court abused its discretion in denying its motion for permission to file a post-trial motion *nunc pro tunc*. *Id.* at 18. We do not agree.

 ¶ 7 The decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court. *Korn v. Consolidated Rail Corp.*, 355 Pa.Super. 170, 512 A.2d 1266 (1986). We will not reverse unless the trial court abused its discretion. *Id.* at 1269.[2]

> [T]he standard of review applicable to the denial of an appeal *nunc pro tunc* is "whether the trial court abused its discretion." An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record."

*Freeman v. Bonner*, 761 A.2d 1193, 1194–1195 (Pa.Super.2000) (citations omitted).

---

1. As this appeal was filed within 30 days of the entry of judgment on March 13, 2002, as well as 30 days from the entry of the order denying the motion seeking permission to file a post-trial motion *nunc pro tunc*, it is clear that this appeal is properly before us. 42 Pa.C.S.A. § 5571; Pa.R.A.P. 903(a).

2. In *Korn,* the trial court did not abuse its discretion where it refused to consider a motion for judgment notwithstanding the verdict *nunc pro tunc*. *Korn*, 512 A.2d at 1269. We note that a motion for post-trial relief is the replacement for a motion for judgment notwithstanding the verdict. Pa.R.C.P. 227.1(a) note.

Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by "extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" [W]here an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

*McKeown v. Bailey*, 731 A.2d 628, 630 (Pa.Super.1999) (citations omitted). Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001).[3]

¶ 8 Rule 227.1(c) of the Pennsylvania Rules of Civil Procedure provides as follows:

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

. . . . .

Pa.R.C.P. 227.1(c).

The Pennsylvania Supreme Court has stated that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. *See L.B. Foster Co. v. Lane Enterprises, Inc.*, 551 Pa. 307, 710 A.2d 55 (1998) ("Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. *See Benson v. Penn Central Transportation Company*, 463 Pa. 37, 342 A.2d 393 (1975) and *Commonwealth v. Metz*, 534 Pa. 341, 633 A.2d 125 (1993)"); *Lane Enterprises, Inc. v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54 (1998) (same).

*Diamond Reo Truck Co. v. Mid–Pacific Industries, Inc.*, 806 A.2d 423, 428 (Pa.Super.2002).

¶ 9 Our Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed. *See Krystal Development Corp. v. Rose*, 704 A.2d 1102, 1103 (Pa.Super.1997) (without post-trial motions after a nonjury trial, there are no issues preserved for appellate review).

¶ 10 Life Insurance Company argues that it was confused by the trial court's use of the words "Judgement" in its memoran-

---

**3.** We realize that *Freeman, Bailey,* and *Criss* are cases dealing with the denial of an appeal *nunc pro tunc* and *Korn* is a case dealing with the denial of post-trial relief *nunc pro tunc.* While *Korn* sets the standard for abuse of discretion, it does not describe the standard. We recognized that, under the rules of civil procedure, a post-trial motion is the begin-

ning of the appeal process. Any issues not raised in post-trial motions are waived for purposes of appeal. *Diamond Reo*, 806 A.2d at 428. Accordingly, we look to *Freeman, Bailey,* and *Criss* for guidance to determine what constitutes an abuse of discretion in this context.

dum and "verdict" in the entry of its decision. We reject this argument.

■ ¶ 11 Life Insurance Company was on notice, at the time of the decision of the trial court after the non-jury trial, that regardless of what terms were used by the trial court in its decision, it was required to file post-trial motions in order to preserve any issues for appellate review. In *Lane Enterprises, Inc. v. L.B. Foster Co.,* 700 A.2d 465 (Pa.Super.1997), this Court reviewed appellant's issues where appellant did not file post-trial motions, but instead, assuming the trial court's opinion was a final order, filed a notice of appeal. The Pennsylvania Supreme Court reversed the order of this Court, stating that "Pa. R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal." *Lane Enterprises, Inc. v. L.B. Foster Co.,* 551 Pa. 306, 710 A.2d 54, 54 (1998).

¶ 12 The relevant provisions of Pa. R.C.P. 227.4 provide as follows:

In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall, upon praecipe of a party:

(1) enter judgment upon the verdict of a jury or the decision of a judge

following a trial without jury, or enter the decree nisi as the final decree, if

(a) no timely post-trial motion is filed

Pa.R.C.P. 227.4(1)(a).

■ ¶ 13 In *Shonberger v. Oswell,* 365 Pa.Super. 481, 530 A.2d 112 (1987), the trial judge labeled its findings "judgment." The judgment was premature and void. *Id.* at 113, n. 1. The appeal period did not begin to run until the denial of the post-trial motions and the subsequent entry of a judgment. *Id.* Life Insurance Company stated that it believed that it was required to file an immediate appeal to the trial court's September 21, 2001, "verdict" in favor of Lenhart.[4] We, however, find that the trial court's order in the case *sub judice* amounted to a verdict or decision, not a final judgment.[5] Thus, the proper procedure was for Life Insurance Company to file post-trial motions following the trial court's decision.

■ ¶ 14 In light of *Shonberger* (1987) and *Lane* (1998), which were on the books for fourteen and three years, respectively, before the trial court issued its decision in this non-jury trial, there is no excuse for Life Insurance Company's failure to file post-trial motions as required by our procedural rules.[6] The grant of *nunc pro*

---

4. We note, however, that Life Insurance Company did not file its notice of appeal until November 5, 2001. This was beyond the thirty day appeal period from the trial court's grant of "judgment" on September 21, 2001. Thus, if Life Insurance Company actually believed that it was required to file an appeal following the grant of "judgment", the notice of appeal should have been filed within thirty days of September 21, 2001.

5. We note also that even had the trial court's order been deemed a final judgment, as in *Shonberger,* the judgment would have been premature and void as a judgment and Life Insurance Company would still have been required to file timely post-trial motions.

6. We also find that *Shonberger* and *Lane* preclude any reliance by Life Insurance Company on cases like *Donegal Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co.,* 546 A.2d 1212 (Pa.Super.1988). Initially, it must be noted that *Donegal* involved an action in equity, not at law, a distinction noted by the Supreme Court. *Chalkey v. Roush,* 569 Pa. 462, 805 A.2d 491, 495 n. 10 (2002). More importantly, however, by the time the trial court issued its decision in this non-jury trial, *Shonberger* and *Lane* had long since eliminated any confusion in this area in relation to actions at law.

*tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights. There was, therefore, no abuse of discretion by the trial court in its denial of Life Insurance Company's motion for permission to file a post-trial motion *nunc pro tunc.*

### III. CONCLUSION

¶ 15 We hold that the decision to allow the filing of post-trial motions *nunc pro tunc* is vested in the sound discretion of the trial court. Here, the trial court did not abuse its discretion in denying the motion for the reasons set out above. Accordingly, we affirm the order denying the motion for permission to file a post-trial motion *nunc pro tunc.*

¶ 16 Order affirmed.