# Towne v. Sensible Home Warranty, LLC

450

C.P. of Allegheny County, No. AR 12-6409; 537 WDA 2014

*Gretchen E. Moore*, for plaintiff.
*Kenneth P. McKay*, for defendant.

HERTZBERG, *J.*, June 3, 2014—Defendant Sensible Home Warranty, LLC ("Sensible") has appealed to the Superior Court of Pennsylvania from my decision against resolving its dispute with plaintiff William Towne with the American Arbitration Association in Washoe County, Nevada. This opinion provides the reasons for my decision. *See* Pa. R.A.P. No. 1925(a).

In August of 2010 Mr. Towne paid Sensible to warrant his home located in the City of Pittsburgh against repairs from malfunctioning components. Mr. Towne paid an extra premium amount to obtain a "Limited Roof Leak" warranty. Sensible's warranty requires the contract holder

to notify it when a warranted component malfunctions, with Sensible then providing a contractor to repair or replace the component. In February of 2012 Mr. Towne notified Sensible of a roof leak. Sensible then provided a contractor. However, after receiving the contractor's repair estimate, Sensible decided the repair was not covered by the warranty and informed Mr. Towne that his claim was rejected.

Mr. Towne sued Sensible via a Magisterial District Judge in July of 2012. The Magisterial District Judge found in favor of Mr. Towne in the amount of $2,850, but Mr. Towne appealed the decision to the Court of Common Pleas. Sensible filed preliminary objections to Mr. Towne's complaint on the basis that the warranty mandated dispute resolution via the American Arbitration Association ("AAA"). The warranty was attached to the preliminary objections and provides: "In the event that a controversy or claim arises that is related to or out of this subjective [sic] agreement, it must be submitted to the AAA in the state of Nevada, Washoe Country [sic] regardless of contract holder residency." The Honorable Judge R. Stanton Wettick, Jr. found the arbitration clause unconscionable and therefore overruled the preliminary objections. *See* 4/13/2013 order. A three attorney Court of Common Pleas compulsory arbitration board awarded Mr. Towne $14,393, and Sensible appealed.

Sensible then filed a motion for summary judgment arguing that Mr. Towne had no proof of a breach of the warranty. I denied Sensible's motion for summary judgment (*see* 12/18/2013 order), and the dispute was assigned to me for a non-jury trial on March 6, 2014. Before testimony began, I received oral argument on motions

in limine filed by Mr. Towne and Sensible, including a motion to dismiss for lack of jurisdiction filed by Sensible that again argued the dispute should be decided by the AAA. I denied Sensible's motion to dismiss, presided over the trial and rendered a verdict in favor of Mr. Towne for compensatory damages of $2,889, double damages of $2,889 under the unfair trade practices and consumer protection law (*see* 73 P.S.§201-1, et. seq.) and attorney fees of $12,000 for a total of $17,778.

My non-jury verdict was dated and filed of record on March 11, 2014. Sensible filed a motion for post-trial relief on March 26, 2014. By order dated March 27, 2014 and filed of record on March 28, 2014, I ordered "that defendant's motion for post-trial relief is denied and that judgment is entered on my verdict dated March 11, 2014." Sensible, however, filed a praecipe to withdraw motion for post-trial relief also on March 28, 2014. On April 4, 2014 Sensible then filed a notice of appeal to the Superior Court.

Sensible raises a singular issue in its appeal to the Superior Court. Sensible argues that I should have ruled the dispute must be decided by the AAA. *See* Sensible's concise statement of errors complained of on appeal under PA. R.A.P. 1925(b).

Before addressing that issue, there is the preliminary matter of whether Sensible's filing of the praecipe to withdraw post-trial motion effects a forfeiture of its appeal to the Superior Court. Sensible sets forth in the praecipe to withdraw that its reasons for withdrawing the post-trial motion are "...the cost of prosecuting the motion to both parties and the impact upon the disposition of an appeal...."

Unarguably there is no right to appeal to the Superior Court from any decision of the Court of Common Pleas following a trial unless a party has filed a motion for post-trial relief. *See Krystal Development Corp. v. Rose*, 704 A.2d 1102, 1103 (Pa. Super. 1997) and *Lenhart v. Cigna Companies*, 2003 PA Super 195, 824 A.2d 1193. Since it is clear from its praecipe that Sensible's intention was to terminate any potential appeal, the motion for post-trial relief was a nullity. Therefore, Sensible forfeited its right to appeal to the Superior Court.[1] I next address the merits of Sensible's argument that the AAA should have decided the dispute, but this issue is moot if Sensible forfeited its right to appeal to the Superior Court.

One reason my decision to prohibit resolution of the dispute by the AAA is correct is that small claims court is the appropriate forum for such consumer disputes. The AAA recognizes that disputes arising from consumer transactions "...often involve relatively small amounts of money....," with judicial small claims procedures the best-suited for their resolution. Consumer Due Process Protocol, American Arbitration Association, 2007 WL 4965566, Principle 5, *Reporter's Comments*. The AAA National Consumer Disputes Advisory Committee therefore "concluded that access to small claims tribunals is an important right of consumers which should not be waived by a pre-dispute ADR Agreement." *Id.* The Pennsylvania Rules of Civil Procedure establish small claims procedures (*see* Pa.R.C.P. nos. 1301-1313) for Common Pleas Court compulsory arbitration and de

---

1. It appears Mr. Towne raised this procedural issue with the Superior Court by the filing on April 28, 2014 of an application to quash appeal. As of the date of this opinion, the Superior Court had not ruled on Mr. Towne's application.

novo appeal to a judge that are inexpensive and efficient, making the entire process "small claims court." Since the AAA agrees that Mr. Towne should have the right to this small claims court process, my decision not to have the dispute resolved by the AAA was correct.

Another reason my decision to prohibit resolution of the dispute by the AAA is correct is the arbitration clause in the warranty is unconscionable. Sensible admits that the AAA will not compel a plaintiff to go to Nevada and that the "requirement to go to Nevada is unenforceable." Transcript, March 6, 2014 trial, p. 20. Sensible's argument is that the remainder of the clause is enforceable and I therefore should have ordered the dispute to be resolved by the AAA in a location other than Nevada. A term of a contract "is unconscionable, and therefore avoidable, when there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." *Salley v. Option One Mortgage Corp.*, 592 Pa. 323, 925 A.2d 115 (2007). The warranty Sensible provided Mr. Towne is a standardized contract form offered to consumers of goods and services on a 'take it or leave it' basis. *See* Black's Law Dictionary (5h ed. 1979). Accordingly, it cannot be disputed that Mr. Towne lacked a meaningful choice. *See Denlinger, Inc. v. Dendler*, 415 Pa. Super 164 at 174-175, 608 A.2d 1061 at 1066-1067 (1992).

The arbitration clause in Sensible's warranty also unreasonably favors Sensible. Sensible offered no justification for a clause that discourages customers from initiating meritorious disputes with it (unless they are Nevada residents). The clause deters a customer in Pittsburgh, Pennsylvania by the expenses of travel and

lodging and the time commitment for AAA arbitration in Nevada. It appears Sensible's goal in having this clause in the warranty is to avoid disputes with customers without regard to whether or not they have merit. This is an improper goal. Therefore Sensible must not be permitted to have its choice of a forum, AAA, forced upon a customer with a meritorious dispute who chooses resolution via the court system. Additionally, the Nevada venue and the AAA forum are too closely connected for severance of one from the other. Together they comprise an arbitration clause that unreasonably favors Sensible and therefore is unconscionable.