J-S70002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ZECHARIA B. KNUCKLES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAJ SYAN, SINGH BAJWA KALWANT AND VEER OIL, INC., | |
| Appellees | No. 3070 EDA 2014 |

Appeal from the Judgment Entered September 16, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 4079 January, 2012

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                **FILED DECEMBER 01, 2015**

Appellant, Zecharia B. Knuckles, appeals, *pro se*, from the judgment, after a bench trial, in favor of Appellees, Raj Syan, Singh Bajwa Kalwant, and Veer Oil, Inc.[1]  Appellant failed to file post-trial motions.  We affirm.

This is a dispute over the purported purchase of a gasoline filling station.  A bench trial occurred from April 14, 2014 to April 17, 2014.  On September 16, 2014, the trial court entered judgment against Appellant and in favor of Appellees.  The court also found in favor of Appellant on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect the correct year for the case number.

Appellees' counterclaim, not at issue here. Appellant filed a notice of appeal, *pro se*, on October 14, 2014.

Our independent review of the record confirms that Appellant failed to file post-trial motions following the entry on the docket of the September 16, 2014 judgment.

Pennsylvania Rule of Civil Procedure 227.1 requires that "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c)(2). Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

> Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in **any** type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. *See* Pa.R.C.P. 227.1(a).

***Chalkey v. Roush***, 805 A.2d 491, 496 (Pa. 2002) (emphasis in original). "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." ***Lane Enterprises, Inc. v. L.B. Foster Co.***, 710 A.2d 54 (Pa. 1998) (citations omitted). "Our Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed." ***Lenhart v. Cigna Cos.***, 824 A.2d 1193, 1196 (Pa. Super. 2003).

Accordingly, all of Appellant's issues on appeal are waived.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015