J-S39027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANK ROUSH, A/K/A FRANKLIN D. ROUSH, A/K/A FRANKLIN D. ROUSCH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FRANKLIN DELANO ROUSH, JR., AN INDIVIDUAL, AND MARY ANN ROUSH, AN INDIVIDUAL, AND ROUSH FARMS, INC. | |
| Appellee | |
| FRANKLIN DELANO ROUSH, JR., AN INDIVIDUAL, AND ROUSH FARMS, INC., A CORPORATION | |
| Appellee | |
| FRANK ROUSH, OTHERWISE KNOWN AS FRANKLIN D. ROUSH OR FRANKLIN D. ROUSCH | |
| Appellant | No. 1697 WDA 2016 |

Appeal from the Order Entered October 27, 2016
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2014-01078

BEFORE:  BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                                  **FILED July 3, 2017**

Frank Roush, a/k/a Franklin D. Roush, a/k/a Franklin D. Rousch ("Senior") appeals from the order entered October 27, 2016, dismissing his motion to reinstate motion for post-trial relief.  We affirm.

_____

*  Retired Senior Judge assigned to the Superior Court.

The relevant factual and procedural history of these consolidated matters is as follows. In 1989, Senior and his wife Mary Ann Roush faced foreclosure involving two parcels of property upon which they resided and operated a potato farm. In order to avoid foreclosure, Senior solicited the aid of his son, Franklin D. Roush, Jr. ("Junior"). Junior ensured the debts necessary to retain the farm were repaid, and lent money to Senior so that the farm remained in operation. In return, Junior acquired, by deed signed by Senior and Mrs. Roush, sole ownership of the farmland, and assumed ownership of the farm equipment located on the property. Junior refrained from recording the deed at that time, but continued to lend money and lease the farm equipment to his parents so that farming operations could continue. In 2013, during the throes of a family dispute, Junior recorded the 1989 deed, transferring sole ownership of the property to him.

Senior commenced the suit docketed at 2014-1078 on March 11, 2014, demanding an accounting from Junior, Mrs. Roush, and Roush Farms, Inc., for money lent by Junior, and payments made by Senior, for the maintenance and operation of the farm since 1989. After the court sustained preliminary objections and dismissed Mrs. Roush and Roush Farms, Inc., Senior filed an amended complaint, asserting, among other things, that his payment of real estate taxes, insurance, and use of the property created a constructive trust on the farm inuring to his benefit. The record indicates that, on March 30, 2015, Junior filed a complaint docketed

at 2015-1317, alleging that Senior had sold or transferred some of his farming equipment, and requested injunctive relief to stop Senior from engaging in such conduct and to make an accounting of the lost or sold machinery. The two cases were consolidated below for trial.

Following extended and contentious pre-trial litigation, the court ultimately held a non-jury trial in November and December 2015. After Senior rested his case, Junior moved to dismiss the matter, contending that Senior had not established his claim for relief. The court determined that its disposition as to the action filed by Senior controlled the outcome of the case filed by Junior. By order dated December 29, 2015, the court granted Junior's motion for compulsory nonsuit and dismissed Senior's case with prejudice. On January 7, 2016, Robert J. Colaizzi, Esquire, who was not Senior's trial attorney, entered an appearance on behalf of Senior, filed a timely motion for post-trial relief, and requested transcripts of the relevant proceedings.

On January 21, 2016, trial counsel, Caram J. Abood, Esquire, filed a notice of appeal to this Court on behalf of Senior and also requested transcripts. The trial court directed Senior to file a Rule 1925(b) concise statement of errors complained of on appeal, with which he complied, and it authored a Rule 1925(a) opinion. We subsequently quashed Senior's appeal, noting that an appeal properly lies from the judgment entered after a motion to remove nonsuit, and finding that it was interlocutory since the

court had not acted upon the post-trial motion filed by Attorney Colaizzi. *See Roush v. Roush*, 142 WDA 2016 (*per curiam* order, filed March 2, 2016).

As a result of our order, the trial court scheduled a status conference. At that hearing, Attorneys Abood and Colaizzi agreed that Senior intended to retain Attorney Abood's representation. As such, Attorney Colaizzi withdrew the post-sentence motion he filed on January 7, 2016, and withdrew his appearance on behalf of Senior. The trial court filed an order on June 1, 2016, directing the parties to file memoranda clarifying the status of the matter. The parties did so, but on June 6, 2016, Attorney Abood filed a notice of appeal from both that order, and the order entered on December 29, 2015. Finding a post-trial motion had been filed and withdrawn, we ruled that the appeal did not properly lie from a judgment entered after denial of a motion to remove the nonsuit, and thus, we quashed the appeal. *See Roush v. Roush*, 829 WDA 2016 (*per curiam* order, filed July 14, 2016).

On July 27, 2016, Senior, with the assistance of Attorney Abood, filed a petition seeking permission to file post-trial motions *nunc pro tunc*, contending that Attorney Colaizzi's "unauthorized intervention" into this matter set off a chain of events that led to his initial appeal being quashed. Petition Seeking Permission to File Post Trial Motions *Nunc Pro Tunc*, 7/27/16, at unnumbered 2. After a hearing on the matter, the court denied

- 4 -

Senior's petition by order dated August 31, 2016. Six days later, Attorney Colaizzi reentered an appearance on behalf of Senior and filed a motion to reinstate his prior, timely motion for post-trial relief. On October 27, 2016, following a hearing, the court, found that Senior's petition sought *nunc pro tunc* relief similar to that which he previously requested through Attorney Abood, and denied the petition. The court relied on the reasoning contained within its August 31, 2016 order. Senior filed a timely notice of appeal, and he and the court complied with the precepts of Rule 1925. This matter is now ready for our review.

Senior raises a single question for our consideration: "Did the lower court abuse its discretion in failing to grant [Senior's] motion to reinstate the motion for post-trial relief previously filed on behalf of [Senior] following the trial in this case, after that motion for post-trial relief was withdrawn by [Senior's] prior counsel?" Appellant's brief at 5.

Appellant's petition to reinstate his motion for post-trial relief sounds in the nature of a motion for permission to file a post-trial motion *nunc pro tunc*. We review a trial court's denial of a motion for leave to file a petition *nunc pro tunc* for an abuse of discretion. ***D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 918 (Pa.Super. 2013).

We have previously stated that, in order to acquire permission to file a motion *nunc pro tunc*, "the movant must demonstrate that he or she will face more than mere hardship if the request is denied." ***Fischer v. UPMC***

*Northwest*, 34 A.3d 115, 120 (Pa.Super. 2011) (citation omitted).  Thus, "a [trial court] may grant an appeal *nunc pro tunc* when a delay in filing is caused by 'extraordinary circumstances involving fraud or some breakdown in the court's operations through a default of its officers.'"  *Id*. (citation omitted).  Further, this Court will consider whether the circumstances evince "non-negligent" conduct, "either as they relate to appellant or his counsel."  *Lenhart v. Cigna Companies*, 824 A.2d 1193, 1196 (Pa.Super. 2003) (citation omitted).  If the Court is satisfied that the party's failure was non-negligent, it will permit *nunc pro tunc* relief if it is filed "within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay[.]"  *Id*.  Nevertheless, "*nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights."  *Id*. at 1197-1198.

The trial court denied Senior's petition, finding that it sought the same *nunc pro tunc* relief that it denied by order dated August 31, 2016.  In that order, the court observed that "no authorized post-trial motions nor requests for relief were ever filed by [Senior]."  Order, 8/31/16, at unnumbered 2.  In a footnote, it expanded upon this finding, stating, "On January 7, 2016, Post-Trial Motions were timely filed by Attorney Robert Calaizzi, however, Attorney Abood represented to this Court numerous times that these were

- 6 -

not authorized by him nor his client and they were subsequently withdrawn." *Id*. at n.1. The court denied Senior's previous motion for *nunc pro tunc* relief finding that his failure to file post-trial motions was based on a mistake by counsel. *Id*. The court supplemented this reasoning, as it relates to the motion at issue herein, in its Rule 1925(a) opinion, reiterating that Attorney Colaizzi did not have authority to file post-trial motions on Senior's behalf, and that the filing deadline "has long since passed." Trial Court Opinion, 12/22/16, at unnumbered 2.

Senior argues that the trial court abused its discretion in denying his motion, stating, "Senior, through his second attorney," timely filed the necessary post-trial motion. Appellant's brief at 10. In addition, he now places the blame for the withdrawal of that motion on Attorney Abood, and claims that decision was made "without his knowledge or consent." *Id*. Senior emphasizes that this case is distinguishable from cases where we affirmed the denial of *nunc pro tunc* relief involving untimely post-sentence motions, since his motion was timely filed and he made an "honest effort." *Id*. at 11-15. Thus, he concludes the trial court erred in denying his request for relief.

Upon review of the record, we find the court did not abuse its discretion in denying Senior's motion to reinstate his post-trial motion. Senior has maintained, since his first appeal in this matter, that Attorney Colaizzi was not authorized to act on his behalf. *See e.g.*, Response to Rule

to Show Cause, 2/18/16, at unnumbered 1 ("The Post Trial Motions that were filed in this case were not filed by myself nor were they authorized by the Plaintiff in this matter[.]"); N.T. Status Conference, 5/26/16, at 3 (Attorney Colaizzi:  "I am happy . . . to withdraw that Motion for Post-trial Relief on behalf of [Senior], given that Attorney Abood has indicated he is representing him and will continue to do so."); Petition Seeking Permission to File Post Trial Motions *Nunc Pro Tunc*, 7/27/16, at unnumbered 2 ("The undersigned states and avers that this matter represents a case of 'nonnegligent happenstance' or unique and compelling factual circumstances due to the unauthorized intervention of Attorney Robert J. Colaizzi, who entered his appearance and filed a Post Trial Motion with this Honorable Court without the authority to do so from Petitioner.").

After decrying Attorney Colaizzi's conduct for the majority of this case, and attesting that his post-trial motion was not authorized, Senior cannot now claim that Attorney Colaizzi was indeed acting on his behalf when he filed the January 7, 2016 post-trial motion.  Such behavior calls the motivation behind this appeal into serious question, as Senior has now proffered contradictory averments in support of his position at various stages of this ongoing dispute.

Notwithstanding our concerns regarding the propriety of this appeal, Attorney Colaizzi had no authority to act on Senior's behalf when he filed the post-trial motion.  Further, Attorney Colaizzi withdrew the motion on the

record.    Attorney Abood then sought to vindicate Senior's position with a subsequent direct appeal and a separate motion for *nunc pro tunc* relief.  As such, Senior had ample opportunity to resurrect his post-trial rights.  After such recourse failed, Senior engaged the services of Attorney Colaizzi in an effort to relitigate the very issue decided by the lower court only six days prior.

In sum, Senior has not demonstrated extraordinary circumstances evidencing fraud, a breakdown in the court, or non-negligent behavior militating in favor of granting a petition for *nunc pro tunc* relief.  Hence, we discern no error in the trial court's decision to deny Senior's requested relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2017