**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| YOLANDA CRUZ, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JEWISH EMPLOYMENT & VOCATIONAL SERVICES A/K/A JEVS HUMAN SERVICES AND ACHIEVEMENT THROUGH COUNSELING AND TREATMENT, | |
| Appellee | No. 3682 EDA 2016 |

Appeal from the Judgment Entered January 5, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2014, No. 01142

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 29, 2018**

Appellant, Yolanda Cruz, appeals from the judgment entered January 5, 2017, in favor of Jewish Employment & Vocational Services a/k/a JEVS Human Services and Achievement Through Counseling and Treatment ("Appellee").[1]  After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the order dated October 13, 2016, and entered October 14, 2016, denying her post-trial motion *nunc pro tunc* to remove nonsuit.  In a case where nonsuit is entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit.  **See Billig v. Skvarla**, 853 A.2d 1042 (Pa. Super. 2004).  Nevertheless, a final judgment entered during pendency of an appeal is sufficient to perfect appellate jurisdiction.  **Drum v.  Shaull Equipment and Supply, Co.**, 787 A.2d 1050, 1052 n.1 (Pa. Super. 2001).  Here, Appellant filed a notice of
*(Footnote Continued Next Page)*

The trial court provided the following brief summary of the relevant facts in this matter:

> This case arose from an unremarkable slip-and-fall. [Appellant], an outpatient at a medical clinic, was walking through the facility to leave after receiving treatment. She asserted that she slipped and fell in the hallway between the treatment area and the patient waiting room. She believed that she had slipped on an accumulation of water, probably from tracked-in snow or rainwater.
>
> In moving for nonsuit,[2] [Appellee] argued that [Appellant] failed in her burdens of proof to show[:] (1) that a puddle or any kind of liquid had been present on the floor at all, and (2) that [Appellee] had had constructive notice of the condition and had failed to mitigate it. [Appellant] argued in response that she had presented sufficient circumstantial evidence of the puddle's existence to survive nonsuit, by virtue of her trial testimony that outdoor conditions that day were wet, and that bystanders cleaned the floor after her fall with paper towels that appeared to be soaking up water.

Trial Court Opinion ("TCO"), 6/6/17, at 2 (citations to record omitted). After hearing arguments from both parties on this issue, the court granted nonsuit on the record. *Id.* at 1.

> On March 28, [2016,] twenty-five days after the nonsuit was docketed, [Appellant] filed a Superior Court appeal of the

_____
*(Footnote Continued)* ─────────────

appeal prematurely on December 9, 2016, prior to the entry of judgment. By *per curiam* order dated December 28, 2016, this Court directed Appellant to praecipe the trial court prothonotary to enter judgment on the trial court's decision. The record reflects that Appellant complied and judgment was entered on January 5, 2017. In accordance with the Pennsylvania Rules of Appellate Procedure, we treat Appellant's notice of appeal as if it were filed after the entry of judgment and on the date thereof. *See* Pa.R.A.P. 905(a)(5). Hence, the instant appeal is properly before this Court.

[2] Appellee moved for nonsuit at the non-jury trial on February 19, 2016, at the close of Appellant's case.

- 2 -

order granting nonsuit. On April 18, [2016,] the Superior Court issued a Rule to Show Cause as to why her appeal should not be quashed as an improper appeal of an interlocutory order. On April 28, [2016,] [Appellant] requested a stay pending her submission to the trial court of a motion for leave to file a post-trial motion to remove nonsuit. However, she did not file any motions with this [c]ourt following this request. On May 13, [2016,] the Superior Court quashed the appeal and remitted the record to this [c]ourt.

Three months afterward, on August 26, [2016,] [Appellant] filed a motion for leave to file a post-trial motion *nunc pro tunc* to remove nonsuit. On October 14, [2016,] this [c]ourt denied her motion.

*Id.* at 1-2 (footnote omitted).

On November 10, 2016, Appellant filed a notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant raises the following sole issue for our review: "Whether the trial court abused its discretion and otherwise committed an error of law when it improperly denied [Appellant's] Post-Trial Motion to Remove Nonsuit *Nunc Pro Tunc*?" Appellant's Brief at 8.

We review the trial court's denial of Appellant's motion for leave to file a post-trial motion *nunc pro tunc* under an abuse of discretion standard. *See D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.*, 71 A.3d 915, 918 (Pa. Super. 2013); *Lenhart v. Cigna Companies*, 824 A.2d 1193, 1195 (Pa. Super. 2003). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record."

*Lenhart*, 824 A.2d at 1195 (quoting *Freeman v. Bonner*, 761 A.2d 1193, 1194-95 (Pa. Super. 2000)).

As we recognized in *D.L. Forrey*, post-trial motions fall within the purview of Pa.R.C.P. 227.1(c), which provides, in pertinent part: "Post-trial motions *shall* be filed within ten days after notice of nonsuit or the filing of the decision in the case of a trial without a jury." Pa.R.C.P. 227.1(c)(2) (emphasis added). "The decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court." *Lenhart*, 824 A.2d at 1195. Generally, *nunc pro tunc* relief will be granted only in "extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." *Id.* (quoting *McKeown v. Baley*, 731 A.2d 628, 630 (Pa. Super. 1999)).

Here, Appellant claims that the trial court erred as a matter of law in denying her post-trial motion to remove nonsuit *nunc pro tunc*. She further argues that the court erred as a matter of law and/or abused its discretion in entering nonsuit in her slip and fall action, stating that more than sufficient evidence was presented at trial to meet her burden of proof. Appellant devotes most of the argument section in her brief to attempting to convince this Court that she met her burden of proof in showing that "there was a condition on the floor that caused her fall and that Appellee had constructive notice of the condition." Appellant's Brief at 13. We need not reach the merits of the trial court's entry of nonsuit in the underlying case, however, because Appellant waived her right to review the entry of nonsuit.

As stated by the trial court, "[t]he proper procedure for a plaintiff seeking to remove a compulsory nonsuit is to file a motion for post-trial relief after entry of the nonsuit order." TCO at 3 (citing Pa.R.C.P. 227.1(a)(3); **Billig**, 853 A.2d at 1042). In accordance with Rule 227.1(c)(2), this motion must be filed *within ten days* after the notice of nonsuit or the filing of the decision in a non-jury trial. Objections not raised in a post-trial motion pursuant to Rule 227.1 shall be deemed waived on appeal. **Chalkey v. Roush**, 805 A.2d 491, 494 (Pa. 2002). **See also Lane Enterprises, Inc. v. L.B. Foster Co.**, 710 A.2d 54, 54 (1998) (stating unequivocally that "[Rule] 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes").

In the instant matter, no timely post-trial motion was filed by Appellant in compliance with the Pennsylvania Rules of Civil Procedure. Instead, she waited for six months to file her motion to remove nonsuit and failed to provide any explanation whatsoever for her delay in filing the motion. As the trial court elaborated,

> [Appellant] did not[,] in any filing[,] provide any explanation for her bewildering delay of six months after the nonsuit entry, and three months after the quashal of her Superior Court appeal. In her Rule to Show Cause response to the Superior Court, she offered no explanation, and merely asked for the Court to stay those proceedings while she sought leave to file below. The Court rightly quashed that appeal, especially since [Appellant] neglected to file the promised motion in this [c]ourt thereafter. Thus, she certainly failed to meet the "extraordinary circumstances" standard for granting of an appeal *nunc pro tunc*.

TCO at 4.  Hence, we deem Appellant's right to object to the entry of nonsuit waived.

In **Lenhart**, we found no abuse of discretion by the trial court in its denial of the appellant's motion for permission to file a post-trial motion *nunc pro tunc*, where appellant's appeal had previously been quashed due to its failure to file post-trial motions.  **Id.** at 1198.[3]  In support of our decision in **Lenhart**, we noted "[t]he grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights."  **Id.** 1197-98.  Likewise, in the instant matter, we do not find that the trial court abused its discretion in denying Appellant relief, especially based on the lack of any extraordinary circumstances to excuse Appellant's failure to file post-trial motions.

Accordingly, we affirm the judgment entered on January 5, 2017, in favor of Appellee and against Appellant.[4]

Judgment affirmed.

_____

[3] The only reason provided to the trial court for the appellant's failure to timely file a post-trial motion in **Lenart** was that appellant's counsel mistakenly believed he was required to file an immediate appeal to the grant of judgment by the trial court in its decision following a non-jury trial, in order to prevent waiving any right to appeal.  **Id.** at 1195.

[4] In light of our determination, Appellee's application to dismiss this appeal, filed on June 28, 2017, is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2018