J-S54031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CINTAS CORPORATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUNCO ENTERPRISES, INC., D/B/A | : | |
| FLYING J. BREEZEWOOD, BEDFORD | : | |
| COUNTY OIL CO., INC., AND | : | No. 297 WDA 2018 |
| BREEZEWOOD VENTURE, L.L.C. | : | |
| | : | |
| | : | |
| APPEAL OF: SUNCO ENTERPRISES, | : | |
| INC., D/B/A FLYING J. BREEZEWOOD | : | |

Appeal from the Judgment Entered January 24, 2018
In the Court of Common Pleas of Bedford County Civil Division at No(s):
1277 of 2015

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED OCTOBER 2, 2018**

Sunco Enterprises, Inc., d/b/a Flying J. Breezewood (Sunco), Bedford County Oil Co., Inc. (Bedford Oil), and Breezewood Venture, L.L.C. (BVL) (collectively Appellants) appeal from the judgment entered in favor of Cintas Corporation (Cintas) on January 24, 2018.  Because Appellants never filed post-trial motions pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure, we affirm.[1]

---

[1]   Each Appellant makes the same arguments regarding Rule 227.1. Therefore, our analysis and disposition is the same at docket numbers 297, 298, and 299 WDA 2018.

A detailed recitation of the underlying facts is unnecessary. The procedural history, however, is critical to our disposition. On November 18, 2015, Cintas filed a complaint against Appellants in which it alleged claims of breach of contract, promissory estoppel, and unjust enrichment. These claims stemmed from Appellants' nonpayment on service contracts they entered into with Cintas. Pursuant to these contracts, Cintas was to provide Appellants with uniforms and cleaning products for Appellants' gas and service stations. On August 10 and 11, 2017, the trial court held a nonjury trial. On October 2 and 4, 2017, Cintas and Appellants, respectively, submitted briefs in support of their positions.

On January 24, 2018, the trial court issued a memorandum opinion and order in which explained its verdict and entered judgment in favor of Cintas and against Appellants. The trial court summarized the arguments of the parties and its decision as follows:

> The present matter is a breach of contract/unjust enrichment action in which Plaintiff [(Cintas)] seeks enforcement of a liquidated damages clause to two service contracts it claims [were] breached by Defendants [(Sunco, Bedford Oil, and BVL)]. Defendants do not contest that the contract was breached without cause. Rather, Defendants argue that the liquidated damages clause is unenforceable. In addition, BVL contends that it is not a contracting party and therefore not liable. After careful review of the evidence and consideration of the applicable law, we find that BVL was indeed a party to the . . . contract[s], [and] that the liquidated damages [clause] is enforceable[.]

Memorandum Opinion and Order, 1/24/18, at 1.

Appellants did not file any post-trial motions. Instead, on February 23, 2018, Appellants filed timely notices of appeal from the trial court's entry of judgment. Both the trial court and Appellants have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On March 21, 2018, the Superior Court issued an order directing Appellants to show cause as to why their appeals should not be dismissed for failing to file post-sentence motions pursuant to Rule 227.1 of the Pennsylvania Rules of Appellate Procedure. On April 4, 2018, Appellants filed responses to the rule to show cause. The following day, Cintas filed an answer to Appellants' responses. On April 16, 2018, this Court entered an order discharging the rule to show cause and advising counsel that the panel assigned to the case may revisit the issue relating to Rule 227.1. The Order specifically stated:

> This ruling, however, is not a final determination as to the propriety of the appeal or Appellant's preservation of issues. Counsel are advised that these issues may be revisited by the panel assigned to the case.

Order, 4/16/18.

Prior to addressing any of the issues Appellants have raised on appeal, we must first address the issue relating to Rule 227.1, because it impacts whether Appellants have preserved any issues for appellate review. Rule 227.1 of the Pennsylvania Rules of Civil Procedure mandates that "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c)(2). Pennsylvania Rule of

Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). With respect to Rule 227.1, our Supreme Court has explained, "[u]nder Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal." *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *Lane Enterprises, Inc. v. L.B. Foster Co.*, 710 A.2d 54 (Pa. 1998) (citations omitted). "Our Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed." *Lenhart v. Cigna Cos.*, 824 A.2d 1193, 1196 (Pa. Super. 2003).

Here, Appellants argue that the filing of post-trial motions would have served no purpose because the parties filed briefs after the trial court heard testimony at trial. Appellants maintain that these briefs discussed all of the issues before the court, allowed the court to consider all of Appellants' arguments, and consequently, post-trial motions would not have been helpful to the court. Thus, Appellants assert that post-trial motions were not necessary in this case. We disagree.

"When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127. A plain reading of Rule 227.1 is clear and unambiguous – in a

case of trial without a jury, a party **must** file post-trial motions **after** the filing of the decision in the case and any issues not raised in a post-trial motion are waived. Pa.R.C.P. 227.1(b)(2), (c)(2). This interpretation of Rule 227.1 is well-settled. ***See, e.g.***, ***Chalkey***, 805 A.2d at 496; ***Lane Enterprises***, 710 A.2d 54; ***Lenhart***, 824 A.2d at 1196. Following the trial court's decision in this case, Appellants did not file any post-trial motions and have therefore waived all issues on appeal.

Appellants' argument relating to their filing of briefs after the trial court heard testimony at trial and before its decision disregards the purpose served by post-trial motions that our Supreme Court has repeatedly emphasized. In ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996 (Pa. 2001), our Supreme Court stated:

> [T]he filing of post-trial motions . . . ensure[s] that that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors . . . advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal[.]

***Id.*** (citing ***Benson v. Penn Central Transp. Co.***, 342 A.2d 393, 394 (Pa. 1975)).

By failing to file post-trial motions in this case, Appellants precluded the trial court from having the chance to correct any alleged errors in its decision or the rationale underlying its decision. The arguments formulated in Appellants' pre-decisional briefs were made without Appellants' knowledge of the trial court's decision, as the court had not yet rendered its verdict. Thus, Appellants' reliance on their pre-decisional briefs cannot substitute for Rule 227.1's mandate regarding post-verdict procedure. Indeed, Appellants cite no authority for the proposition that pre-decisional briefs may act as a substitute for the filing of post-trial motions. In sum, Appellants cannot circumvent Rule 227.1.

Accordingly, we conclude that Appellants' failure to file post-trial motions resulted in the waiver of all issues raised by Appellants on appeal, and thus affirm the judgment entered in favor of Cintas and against Appellants.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2018