J-A03029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAYVON COX | : | |
| | : | |
| Appellant | : | No. 1080 WDA 2023 |

Appeal from the Order Entered April 13, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000122-2006

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: April 23, 2024**

Dayvon Cox appeals from the order of the court below denying his "Motion for Modification of Sentence Nunc Pro Tunc." Following our review, we quash this appeal.

The pertinent facts and procedural history may be summarized as follows: On September 26, 2006 a jury convicted Cox of numerous criminal offenses including robbery, kidnapping and sexual assault. On February 7, 2007, the trial court sentenced Cox to an aggregate term of 23 to 54 years of imprisonment. Cox filed a post-sentence motion in which he raised a challenge to the discretionary aspects of his sentence. Following the appointment of counsel and an extension of time to file a supplemental post-sentence motion, the trial court denied the motion on July 5, 2007.

Although Cox did not file a timely appeal, Cox filed a petition pursuant to the Post Conviction Relief Act,[1] and the court reinstated his direct appeal rights. On December 2, 2008, this Court affirmed Cox's judgment of sentence and, on November 5, 2009, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Cox*, 965 A.2d 291 (Pa. Super. 2008) (non-precedential decision), *appeal denied*, 983 A.2d 689 (Pa. 2009).

On October 27, 2010, Cox filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed an amended petition on April 11, 2012. On October 29, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Cox's petition without a hearing. Cox filed a response. By order entered December 22, 2014, the PCRA court denied Cox's petition.

Cox appealed. On November 14, 2016, this Court affirmed the PCRA court's order denying Cox post-conviction relief, and, on April 18, 2017, our Supreme Court denied Cox's petition for allowance of appeal. *Commonwealth v. Cox*, 159 A.3d 584 (Pa. Super. 2016) (non-precedential decision), *appeal denied*, 168 A.3d 1259 (Pa. 2017).

On April 11, 2023, Cox filed the motion at issue here, seeking modification of his sentence *nunc pro tunc*. On April 13, 2023, the trial court entered and order denying Cox's request because it was without jurisdiction

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

to consider it. This appeal followed. While the trial court did not require Cox to file a Pa.R.A.P. 1925(b) statement, the court filed a Rule 1925(a) opinion on September 25, 2023.

Cox raises the following issue on appeal: "Is [Cox] entitled to relief as he has suffered a constitutional deprivation by being denied his right to seek appeal from his sentence?" Cox's Brief at 1 (unnumbered; excess capitalization omitted).

Before reaching this issue, however, we address whether this Court has jurisdiction over this matter, because this Court lacks jurisdiction to consider untimely appeals. We may raise this jurisdictional issue *sua sponte*. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

The Rules of Criminal Procedure provide that a post-sentence motion must be filed within ten days of sentencing. Pa.R.Crim.P. 720(A)(1). After that, a defendant may request permission to file the motion late, *i.e.*, *nunc pro tunc*, within thirty days of sentencing, under certain circumstances.

In ***Commonwealth v. Dreves***, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*), this Court discussed the applicable standard of review and the procedure for requesting to file a *nunc pro tunc* post-sentence motion:

> We recognize that under 42 Pa.C.S.A. § 5505, if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*. Consistent with this principle, we recently observed that the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its

- 3 -

discretion. ***See Lenhart v. Cigna Companies***, 824 A.2d 1193, 1195 (Pa. Super. 2003).

> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*. If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly.

***Dreves***, 839 A.2d at 1128 (footnote omitted).

In ***Commonwealth v. Capaldi***, 112 A.3d 1242 (Pa. Super. 2015), this Court interpreted the ***Dreves*** decision as follows:

> Under [***Dreves***, ***supra***], a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of the imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended.

***Capaldi***, 112 A.3d at 1244 (emphasis in original; citations and quotation marks omitted). In ***Capaldi***, we found that the defendant met neither condition; in his motion, Capaldi provided no explanation for the late filing and the trial court did not expressly grant *nunc pro tunc* relief. Thus, we found that Capaldi's request for *nunc pro tunc* relief did not toll the 30-day appeal period, and therefore quashed the appeal for lack of jurisdiction.

Here, Cox has likewise met neither condition. Cox filed his motion for modification of sentence *nunc pro tunc* years after his original sentence was imposed. We note that he previously filed a timely post-sentence motion in which he unsuccessfully challenged the discretionary aspects of his sentence. This Court addressed the sentencing issue before affirming his judgment of sentence. Thereafter, Cox unsuccessfully sought post-conviction relief pursuant to the PCRA. As noted by the trial court:

> Now, 16 years after the imposition of sentence, 14 years after the conclusion of the direct appeal, and 6 years after the conclusion of PCRA proceedings, [Cox] requests that this Court modify his sentence *nunc pro tunc*. [Cox's] patently untimely post-sentence motion did not include any reasons to explain the late filing, but "rather merely include the words '*nunc pro tunc*' in the motion's title. ***Capaldi***, 112 A.3d at 1244 (citing ***Dreves***, 839 A.2d at 1128). Because [Cox] did not "demonstrate an extraordinary circumstance which excuses the tardiness" of his *nunc pro tunc* motion, and because he certainly did not file the present motion within 30 days of the imposition of sentence, the [trial court] does not have jurisdiction to address [Cox's] motion for Modification of Sentence *Nunc Pro Tunc*. ***Dreves***, [] 839 A.2d at 1128.

Trial Court Opinion, 9/25/23, at 8-9.

Our review of the record and applicable law supports the trial court's conclusion. Accordingly, we must quash this appeal for lack of jurisdiction. ***Capaldi***, ***supra***.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/23/2024