**KRYSTAL DEVELOPMENT CORPORATION**

v.

**Jeffrey L. ROSE, t/d/b/a Piney Knoll Construction.**

Superior Court of Pennsylvania.

Filed Dec. 31, 1997.

Thomas P. Cole, Greensburg, for appellant.

Raymond Radakovich, Pittsburgh, for appellee.

Before McEWEN, President Judge, and HUDOCK and SCHILLER, JJ.

PER CURIAM.

Defendant, Jeffrey L. Rose, t/d/b/a Piney Knoll Construction, brings this appeal from the non-jury verdict dated and entered on the docket on June 6, 1997. Because no issues have been preserved for appellate review, the appeal is quashed.

This dispute concerns the plaintiff's allegation that Mr. Rose breached a contract for the application of exterior stucco to a residence being constructed by the plaintiff. A non-jury trial was conducted by The Honorable Daniel J. Ackerman, judge of the Court of Common Pleas of Westmoreland County, on June 5 and 6, 1997. On June 6, 1997, the trial court entered a verdict "in favor of the plaintiff and against the defendant in the amount of $62,162, plus interest from Janu-

ary 1, 1995 and costs of suit." Mr. Rose took an appeal directly from the verdict by filing a notice of appeal on July 3, 1997. The verdict was reduced to judgment on August 7, 1997. The plaintiff has filed a motion to quash this appeal, arguing that Mr. Rose has not preserved any issues for appellate review.

The rules of civil procedure specifically require the filing of post-trial motions within ten days after "notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial." Pa. R.C.P. 227.1. This Court has emphasized the importance of post-trial motions by declaring that "this is not blind insistance [sic] on a mere technicality since post-trial motions serve an important function in adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review." *Fernandes v. Warminster Mun. Auth.*, 296 Pa.Super. 523, 525, 442 A.2d 1174, 1175 (1982).

In the present case, the trial court acknowledged the lack of post-trial motions and suggested it might have reversed the verdict if it had been given an opportunity:

Since the return of the verdict in this case, I have reviewed the decision in *Manor Junior College v. Kallers [Kaller's], Inc.*, 352 Pa.Super. 310, 507 A.2d 1245 (1986), which, in fact, causes me to question the appropriateness of my previous ruling, however, the defendant did not file a request for post-trial relief in accord with Pa.R.C.P. 227.1, but, rather, filed a notice of appeal directly to the Superior Court of Pennsylvania. Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure precludes the trial court from proceeding further by way of re-examining the propriety of the prior rulings as could have been done if motions for post-trial relief had been filed.

Trial Court Opinion, August 5, 1997, p. 2.

■ Without post-trial motions after the non-jury trial, there are no issues preserved for review by this Court. *Cf. Matthews v. Joines*, 700 A.2d 1322 (Pa.Super.1997) (finding issues to be waived when a direct appeal followed a non-jury trial in equity that was

submitted to the trial court based on stipulated facts); *Brown v. Philadelphia Tribune Co.*, 447 Pa.Super. 52, 668 A.2d 159 (1995), *alloc. denied*, 544 Pa. 621, 675 A.2d 1241, *cert. denied*, —— U.S. ——, 117 S.Ct. 173, 136 L.Ed.2d 114 (1996) (holding that in order to preserve issues from a jury trial, there must be a specific objection at trial and post-trial motions raising the issues).

Finally, the plaintiff concludes its motion to quash the appeal with a request for costs. Counsel fees and damages for delay may be awarded if this Court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." *See* Pa. R.A.P. 2744. In the present case, the plaintiff has not offered any argument in support of this request in either its motion to quash the appeal or its appellate brief. Therefore, it will be denied. *Cf. Fred E. Young, Inc. v. Brush Mountain Sportsmen's Assoc.*, 697 A.2d 984 (Pa.Super.1997) (a claim will not be considered on appeal when no statutory or case authority is cited in support of its position).

Therefore, the motion to quash appeal is hereby **GRANTED.**

The request for counsel fees is **DENIED.**