J-S17032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TRACY L. BRUMBAUGH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARGARET GRAF D/B/A RITNER BOARDING AND TRAINING KENNEL | |
| Appellant | No. 1380 WDA 2014 |

Appeal from the Order July 24, 2014
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2012-1816 CD

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 27, 2015**

Appellant, Margaret Graf d/b/a Ritner Boarding and Training Kennel, appeals from the order entered in the Clearfield County Court of Common Pleas, which denied Appellant's motion for permission to file post-trial motions *nunc pro tunc*, in this breach of contract case.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On November 30, 2012, Appellee, Tracy L. Brumbaugh, filed a complaint against Appellant, alleging breach of contract in connection with the sale of a German Shepherd dog.  Appellee filed an amended complaint on March 4, 2013.  The court conducted a bench trial on December 23, 2013, but deferred its decision pending the submission of briefs from the parties.  The court subsequently issued an order dated January 28, 2014, which stated as

_____

*Former Justice specially assigned to the Superior Court.

follows:

> NOW, this 28th day of January, 2014, following non-jury trial held before the [c]ourt on December 23, 2013, as well as receipt of the parties' briefs; the [c]ourt hereby finds in favor of [Appellee] and against [Appellant] in breach of contract. [Appellee] is hereby awarded compensatory damages for lost profits in the amount of $18,980.00, plus record costs.

(Order, filed 2/3/14; R.R. at 1). The order was entered on the docket with Pa.R.C.P. 236 notice on February 3, 2014. Appellant filed no post-trial motions. On February 18, 2014, Appellant filed a notice of appeal. Appellee filed a *praecipe* for entry of judgment on March 27, 2014. The prothonotary entered judgment in favor of Appellee in the amount of $18,980.00. On March 31, 2014, this Court dismissed Appellant's appeal without prejudice to Appellant to seek permission to file post-trial motions *nunc pro tunc* in the trial court.[1]

Without leave of court, Appellant filed a post-trial motion *nunc pro tunc* on April 7, 2014. On April 10, 2014, Appellant filed a motion to strike the purported "judgments" entered on February 3, 2014, March 27, 2014, and April 3, 2014. On April 28, 2014, Appellant filed a notice of appeal from the judgment entered on March 27, 2014. Appellant filed another notice of appeal on May 8, 2014, from the judgment purportedly entered on April 3,

_____

[1] Although judgment had already been entered, Appellee filed another *praecipe* for entry of judgment on April 3, 2014, "to protect her interests" following the dismissal of Appellant's first appeal.

2014.  This Court dismissed both appeals on May 27, 2014, again without prejudice to Appellant to seek permission to file post-trial motions *nunc pro tunc* in the trial court.  On June 11, 2014, Appellant finally filed a motion for permission to file post-trial motions *nunc pro tunc*, which the trial court denied on July 25, 2014.  Appellant filed a timely notice of appeal on August 21, 2014.  The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.[2]

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN FAILING TO ENTERTAIN [APPELLANT'S] POST-TRIAL MOTIONS *NUNC PRO TUNC* ON REMAND WHERE THE PROTHONOTARY ENTERED A MONEY JUDGMENT ORDER ON THE DOCKET TRIGGERING PA. R.A.P. 341 "FINAL ORDER" RULE PRIOR TO THE EXPIRATION OF THE 10 DAY PERIOD FOR POST-TRIAL MOTIONS UNDER PA. R.C.P. 227.1 AND [APPELLANT] THEREAFTER APPEALED RATHER THAN FILING POST-TRIAL MOTIONS?

(Appellants Brief at 7).

In her sole issue, Appellant argues she did not receive notice of the court's January 28, 2014 order until February 11, 2014.  Appellant contends the prothonotary entered a "judgment" on February 3, 2014, which made that order final and appealable.  Appellant asserts she had no opportunity to

_____

[2] Appellee filed a motion to dismiss with respect to the second and third issues raised by Appellant in her Rule 1925(b) statement.  Appellant, however, has abandoned these issues on appeal.  Therefore, we deny as moot Appellee's open motion to dismiss.

file post-trial motions because the delay in service of the order and the premature "entry of judgment" left her no option but to file a direct appeal, which divested the trial court of jurisdiction. Appellant concludes the alleged breakdown in the operations of the court entitles her to file post-trial motions *nunc pro tunc*. We disagree.

The decision to allow the filing of post-trial motions *nunc pro tunc* is vested in the discretion of the trial court. ***Lenhart v. Cigna Companies***, 824 A.2d 1193 (Pa.Super. 2003). A court may grant permission to file a post-trial motion *nunc pro tunc* when a party shows she was unable to file the motion due to extraordinary circumstances involving fraud or a breakdown in the court's operation. ***D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 920 (Pa.Super. 2013).

Pennsylvania Rule of Civil Procedure 227.1 sets out the requirements for post-trial relief and states in pertinent part:

**Rule 227.1. Post-Trial Relief**

*    *    *

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

Pa.R.C.P. 227.1. Following a trial, an appellant must file post-trial motions to preserve issues for appellate review; issues not raised in post-trial motions are waived. **Krystal Development Corp. v. Rose**, 704 A.2d 1102 (Pa.Super. 1997). The purpose of this rule is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error." **Chalkey v. Roush**, 757 A.2d 972, 975 (Pa.Super. 2000) (*en banc*) (quoting **Soderberg v. Weisel**, 687 A.2d 839, 845 (Pa.Super. 1997)). **See also Lenhart, supra** (stating purported confusion caused by trial court's use of word "judgment" in its order announcing verdict did not relieve defendant of obligation to file post-trial motion within ten days; despite defendant's mistaken belief that it was required to file immediate appeal, court's order was not final judgment; grant of *nunc pro tunc* relief is not designed to provide relief to parties who have failed to follow proper procedure in preserving appellate rights; court did not abuse its discretion when it denied defendant's motion for permission to file post-trial motion *nunc pro tunc*).

Instantly, following a bench trial, the court announced its verdict in an order dated January 28, 2014. The order was docketed and Rule 236 notice was sent to the appropriate parties on February 3, 2014. Appellant failed to file post-trial motions within ten days of the verdict as required by Rule 227.1(c)(1). Contrary to Appellant's assertion, the order was not rendered final and appealable by its entry on February 3, 2014. Nothing in the docket

- 5 -

suggests the prothonotary entered "judgment" on February 3, 2014. Likewise, the word "judgment" is found nowhere in the order announcing the verdict. In fact, the prothonotary did not enter judgment on the verdict until the *praecipe* for entry of judgment was filed on March 27, 2014, long after expiration of the time for Appellant to file post-trial motions. **See** Pa.R.C.P. 227.1(c)(1). Appellant's misunderstanding of the court's February 3, 2014 order, which prompted her to file a notice of appeal prematurely on February 18, 2014, did not excuse her failure to file timely post-trial motions. **See Lenhart, supra**; **Reuter v. Citizens & Northern Bank**, 599 A.2d 673, 676 (Pa.Super. 1991) (stating verdict in non-jury trial is not appealable until entry of judgment on verdict).

On March 31, 2014, this Court determined Appellant had failed to preserve any issues for appellate review and dismissed Appellant's initial appeal without prejudice to Appellant's right to seek permission to file post-trial motions *nunc pro tunc* in the trial court. Appellant, however, misapprehended this Court's ruling and immediately filed a post-trial motion *nunc pro tunc* without leave of court. On June 11, 2014, following another appeal and more than four months after the verdict, Appellant finally filed a motion for permission to file post-trial motions *nunc pro tunc*. Appellant's failure to file timely post-trial motions, and her extended delay in seeking leave to file post-trial motions *nunc pro tunc*, were not due to any extraordinary circumstances or breakdown in the court's operation. These

procedural missteps were wholly attributable to Appellant. Under these circumstances, the court acted well within its discretion when it denied Appellant's belated request for leave to file post-trial motions *nunc pro tunc*. ***See D.L. Forrey & Associates, supra***; ***Lenhart, supra***. Accordingly, we affirm.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2015