J-S30031-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ANDREW M. BELANSKY, TRUSTEE, ON BEHALF OF THE ANDREW M. BELANSKY AND PATRICIA E. BELANSKY REVOCABLE TRUST AGREEMENT, | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| WALTER ZABELSKI AND PATRICIA GLADOWSKI, | : : : | |
| Appellants | : : | No. 1462 WDA 2017 |

Appeal from the Order Entered September 15, 2017
in the Court of Common Pleas of Venango County
Civil Division at No(s): C.D. No. 809-2015

BEFORE:    BENDER, P.J.E., STABILE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED JUNE 6, 2018**

Walter Zabelski and Patricia Gladowski (Appellants) appeal from the September 15, 2017 order entered after a non-jury trial where the trial court concluded that Andrew M. Belansky, Trustee on behalf of the Andrew M. Belansky and Patricia E. Belansky Revocable Trust Agreement, was awarded a five-foot portion of Appellants' property based upon the doctrine of consentable lines.  We quash this appeal.

By way of background, this is a dispute between members of the Belansky family.[1]  Aurel purchased a quarter-acre plot of land, with 50-feet

---

[1] Relevant to this matter, this family consists of four brothers, Aurel, Michael Thomas, Vincent, and Andrew, and one sister, Ella.  Ella was married to Walter Zabel (at some point, Zabel changed his last name from Zabelski to

*Retired Senior Judge assigned to the Superior Court.

of riverfront access on the Allegheny River in Venango County (Belansky property). The Belansky property was directly south of and adjacent to a quarter-acre riverfront plot owned by Walter Zabel (Zabel property). Zabel died in 1965, and the Zabel property was then owned by Ella.

In 1958, Aurel, Michael Thomas, Vincent, and Andrew built a cabin on the Belansky property. In the 1960s, Aurel purchased a boat and work was done to re-grade the Belansky property to permit easier access to the river. Believing a row of hedges planted by a previous owner marked the southern boundary line of the Belansky property, the brothers measured 45 feet north to create the path for the boat access. Thus, at that point, the Belansky brothers believed that the boat launch was located entirely on the Belansky property, immediately south of the Zabel property line. At some point, Aurel added Andrew, Vincent, and Michael Thomas to the deed for the Belansky property. In 2002, Aurel died, and left his share of the Belansky property to Zabelski. When Vincent died, he left his share to Michael Thomas, and when Michael Thomas died, he left his share to Andrew. Thus, at that point, Andrew had a three-quarters interest in the Belansky property and Zabelski had a quarter interest in the Belansky property.

Meanwhile, in 2008, Andrew purchased the Zabel property from Ella. After litigation, however, it was determined that Andrew had purchased only

---

Zabel). They had two children, Walter Zabelski and Patricia Gladowski, Appellants herein.

a one-third interest in the Zabel property from Ella. Ella's two children, Appellants, each owned a one-third interest in the Zabel property as well. A partition action ensued, which resulted in Andrew transferring his one-third interest in the Zabel property to Appellants and Zabelski transferring his quarter interest in the Belansky property to Andrew.

In 2015, Andrew hired Gary Stover to survey the Belansky property. At that point, Andrew learned that the Belansky property ended five-feet south of where he had believed it to end, and therefore the boat launch and a driveway were entirely on the Zabel property. Thus, on June 30, 2015, Belansky filed the instant action. In the complaint, Belansky asserted a right to the boat launch by prescriptive easement, adverse possession, and consentable lines, and requested the trial court re-draw the property line such that the boat launch would be solely on the Belansky property. **See** First Amended Complaint, 6/21/2016. After the close of pleadings, a non-jury trial was scheduled for March 24, 2017. At that trial, the court heard testimony from Andrew, Appellants, and Patricia's husband, David Gladowski.

On September 15, 2017, the trial court issued findings of fact and conclusions of law. The trial court found that "the property line has been consented to over a period in excess of twenty-one (21) years and that said property line is five (5) feet north of the line as established by the survey."

Order, 9/15/2017. Thus, the trial court found in favor of Andrew and the Belansky family trust with respect to the quiet title action.

On October 6, 2017, Appellants filed a notice of appeal from this order. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Before we reach the issues presented by Appellants on appeal, we consider whether Appellants have filed a notice of appeal from an appealable order. "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Bloome v. Alan**, 154 A.3d 1271, 1273 (Pa. Super. 2017) (quoting **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009)).

According to Appellants, this Court has jurisdiction pursuant to Pa.R.A.P. 341(a), which governs final orders, and provides that "an appeal may be taken as of right from any final order of a government unit or trial court." **Id**.; Appellants' Brief at 1. However, after a non-jury trial, an appeal lies not from the decision of the trial court, but from a judgment entered after the disposition of post-trial motions. **See Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 514 (Pa. Super. 1995) ("[A]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions.").

Here, Appellants have appealed the decision of the trial court, not a judgment[2] or even an order denying post-trial motions.[3] Thus, Appellants have not filed a notice of appeal from an appealable order, and we must quash this appeal. **See Johnston the Florist**, 657 A.2d at 515 n.2 ("[T]he appropriate remedy upon the failure to enter judgment would ordinarily be to quash the appeal.").

We recognize that Appellants argue that they did not receive proper notice of the September 15, 2017 decision. **See** Appellants' Brief at 17-19; Letter to this Court in Response to Rule to Show Cause, 11/22/2017. They are correct in that regard.[4] Nonetheless, even if Appellants had received

---

[2] A review of the certified record reveals that neither Belansky nor Appellants have filed a praecipe for entry of judgment.

[3] "Although an appeal from an order denying post-trial motions is interlocutory, **see** Pa.R.A.P. 301(a), (c), (d), note; **Johnston the Florist**, [] 657 A.2d at 514, where … judgment is subsequently entered, the appeal is 'treated as filed after such entry and on the date thereof.' Pa.R.A.P. 905(a)." **K.H. v. J.R.**, 826 A.2d 863, 871-72 (Pa. 2003).

[4] We agree with Appellants that the trial court decision was not entered in compliance with Pa.R.C.P. 236, which governs notice provisions. Instantly, Appellants received notice of the September 15, 2017 decision *via* facsimile transmission. **See** Notice of Appeal, 10/6/2017, at 1. Pa.R.C.P. 236(d) governs when the Prothonotary may provide notice via facsimile.

> The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for such method of notification **or has included a facsimile or other electronic address on a prior legal paper filed in the action**.

proper notice of the September 15, 2017 decision and filed the instant notice

of appeal, we would still quash the appeal because the order being appealed

from is not an appealable order.[5]

_____

Pa.R.C.P. 236(d).

Here, counsel for Appellants did not begin including a fax number on cover sheets until the filing of the notice of appeal on October 6, 2017, which is after the September 15, 2017 decision.  Although Appellants received several prior court orders in this case via facsimile transmission, **see** Order, 1/11/2017 (scheduling non-jury trial); Order, 3/24/2017 (scheduling viewing); Order, 3/27/2017 (directing parties to file post-trial briefs), we are constrained to agree with Appellants that sending this decision by facsimile was not in technical compliance with Pa.R.C.P. 236.

[5] We also observe that this appeal is further complicated by the fact Appellants filed post-trial motions after they filed a notice of appeal.  Post-trial motions must be filed within 10 days of the filing of a decision in a non-jury trial. **See** Pa.R.C.P. 227.1(c)(2).  Here, the decision was filed on September 15, 2017, and Appellants filed post-trial motions on October 23, 2017, well beyond the 10-day window and after the filing of a notice of appeal.  On November 14, 2017, the trial court issued an opinion stating, *inter alia*, that it was deprived of jurisdiction to rule on these post-trial motions pursuant to Pa.R.A.P. 1701(a), which provides that "after an appeal is taken …, the trial court … may no longer proceed further in the matter." Trial Court Opinion, 11/14/2017, at 5.  We must point out that the trial court's conclusion was correct, but for a different reason.  Rule 1701(b)(6) permits a trial court to "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal."  As we concluded, *supra*, Appellant appealed from a non-appealable interlocutory order.  Nevertheless, where a trial court declines to address the merits of issues raised in an untimely-filed post-trial motion, those issues are waived and not preserved for review. **See Kennel v. Thomas**, 804 A.2d 667, 668 (Pa. Super. 2002).

Furthermore, Appellants recognize that without the filing of timely post-trial motions, they have not preserved any issues for review. Appellants' Brief at 22; **see Krystal Dev. Corp. v. Rose**, 704 A.2d 1102, 1103 (Pa. Super. 1997).  Again, they ask us to excuse the late filing of their

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/6/2018

---

post-trial motions because of the aforementioned Rule 236 violations. However, at this juncture, due to the jurisdictional issues with this appeal, it is best for Appellants to proceed by filing with the trial court a motion for leave of court to file post-trial motions *nunc pro tunc*. **See Lenhart v. Cigna Companies**, 824 A.2d 1193, 1198 (Pa. Super. 2003) (holding "the decision to allow the filing of post-trial motions *nunc pro tunc* is vested in the sound discretion of the trial court").