J-A14025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIEL L. DUBECK AND STEPHANIE DUBECK | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| | : | No. 2628 EDA 2022 |
| FRANCIS DUBECK, JEFFREY DUBECK AND JOAN DUBECK | : : | |

Appeal from the Order Dated September 9, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2020-00809-RC

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 15, 2023**

Daniel and Stephanie Dubeck ("Appellants") appeal from the Order entered September 9, 2022, denying their petition for the leave to file a post-trial motion *nunc pro tunc.*  The trial court found that Appellants had not presented "extraordinary circumstances" to support their request.  After careful review, we affirm.

After a two-day bench trial in late June 2022, the court rendered a verdict on July 27, 2022, finding in favor of Appellees, Francis, Joan, and Jeffrey Dubeck, in Appellants' ejectment action.[1]  The court also found in favor

---

[1] A broad overview of the underlying facts is the following: Appellees Francis and Joan Dubeck agreed to transfer title by Deed of their residential property to Appellants and within a year of the title transfer, Appellants were to have obtained a mortgage of $400,000, the proceeds of which would be held by
*(Footnote Continued Next Page)*

of Appellees on their counterclaim for rescission for lack of consideration and directed Appellants to convey title by quitclaim deed and vacate the property within 30 days. Appellants did not file a post-trial motion or praecipe the court to enter judgment on the verdict.[2]

On August 17, 2022, Appellants filed a notice of appeal. Appellants' current counsel entered an appearance in the lower court on August 18, 2022. On August 19, 2022, the trial court ordered Appellants to file a Pa.R.A.P. 1925(b) Statement.

On August 25, 2022, Appellant filed an application for leave to file a post-trial motion *nunc pro tunc*. On September 9, 2022, the trial court entered an Order denying Appellant's Motion for Leave to File Post-Trial Motions *Nunc Pro Tunc*.

_____

Appellees for their living expenses during their lives with the remainder of the proceeds to be divided evenly between their two other sons, Appellant's brothers. Appellants also agreed that they would pay $30,000 of the outstanding balance of the home equity loan within a year of the title transfer. The intention of this arrangement was to sell the property to Appellants while allowing Appellees to remain on the first floor of the house with a life estate. After the title was transferred by Deed for $1.00, Appellees borrowed another $30,000 to renovate the second floor for Appellants and their children. Appellants did not provide any funds to Appellees as agreed and Appellants refused to do so. Instead, Appellants filed an ejectment action against Appellees.

[2] Appellants did file a first notice of appeal from the verdict. A verdict entered after trial is not a final order; a judgment entered on the verdict is the final, appealable order. **Billig v. Skvarla**, 853 A.2d 1042, 1048 (Pa. Super. 2004); **Davanzo v. Finelli**, 437 A.2d 995, 996 (Pa. Super. 1981). Because the appeal was interlocutory, the trial court maintained jurisdiction to entertain Appellants application for leave to file a post-trial motion *nunc pro tunc*.

On October 4, 2022, Appellants filed a notice of appeal. They submitted a court-ordered Rule 1925(b) Statement and the trial court responded by directing our attention to its September 9, 2022 Order which explained its reasons for denying Appellants' request for leave to file a post-trial motion *nunc pro tunc*.[3]

Appellants raise one issue asserting that the trial court erred refusing to grant them leave to file a post-trial motion *nunc pro tunc*. *See* Appellants' Br. at 4.

In order to preserve issues for appeal, it is mandatory that parties file post-trial motions. *Lane Enterprises, Inc. v. L.B. Foster Co.,* 710 A.2d 54, 54 (Pa. 1998); Pa.R.C.P. 227.1. Pursuant to Rule 227.1(c), post-trial motions must be filed within 10 days of a verdict. "Our Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed." *Lenhart v. Cigna Companies,* 824 A.2d 1193, 1196 (Pa. Super. 2003). *See, e.g., Krystal Development Corp. v. Rose,* 704 A.2d 1102, 1103 (Pa. Super. 1997) (without post-trial motions after a nonjury trial, there are no issues preserved for appellate review).

---

[3] After Appellants filed their October 4, 2022 notice of appeal, this Court directed Appellants, *via* a Rule to Show Cause, to praecipe the lower court to enter judgment. Appellants did so on January 11, 2023, and we discharged the Rule to Show Cause, noting that the merits panel would determine the propriety of this Appeal.

Where a party seeks leave to file a post-trial motion *nunc pro tunc*, "the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court. We will not reverse unless the trial court abused its discretion." **Lenhart**, 824 A.2d at 1195.

A trial court will grant permission to file a post-trial motion *nunc pro tunc* only where there is a circumstance involving fraud or some breakdown in the court's operation. **See D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.,** 71 A.3d 915, 921 (Pa. Super. 2013)(noting that "[a] court may grant an appeal *nunc pro tunc* when a party shows that he/she was unable to file the appropriate motion due to some extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." (citation and internal quotation marks omitted)). "The grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." **Lenhart**, 824 A.2d at 1197-98.

Here, the trial court concluded that relief is not warranted. **See** Order, 9/9/22, at n.1. The court observed:

> Neither [Appellants'] Motion nor the Affidavit of Daniel Dubeck provide any explanation why [Appellants] failed to timely file their post-trial motions within ten days of the date of the [c]ourt's decision. Boilerplate assertions, without more, cannot provide a basis for *nunc pro tunc* relief.
>
> By granting leave for [A[ppellants] to file *nunc pro tunc*, post-trial Motions, the [c]ourt may also be faced with having to grant an appeal, *nunc pro tunc*. The right to post-trial relief, *nunc pro tunc*, "is intended as a remedy to vindicate the right to an appeal where

- 4 -

the right has been lost due to certain extraordinary circumstances." **Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County**, 746 A. 2d 581, 584 (Pa. 2000) (citation omitted).

Generally, an appeal *nunc pro tunc* is only granted in civil cases where there was fraud or a breakdown in the court's operations. **Lee v. Guerin**, 735 A.2d 1280, 1281 (Pa. Super. 1999) [ ]. Here, Plaintiffs have failed to satisfy this standard. Because a review of the record reveals that both of [Appellants'] trial attorneys each received notice of the filing of the [c]ourt's decision of July 27, 2022[,] there appears to be no non-negligent reason why [Appellants] failed to timely file their post-trial motions within ten days of the July 27 Decision. Trial counsel's failure to comply with the Rule of Court does not create a new basis for nunc pro tunc relief.

After careful review, we conclude that the trial court did not abuse its discretion in denying Appellants leave to file a post-trial motion *nunc pro tunc*. As the trial court observed, Appellants did not present any evidence of **an extraordinary circumstance** of fraud or a breakdown in the court's operations. In their brief, Appellants assert only that trial counsel did not file the post-trial motion because they had not paid their outstanding fee. This is not an extraordinary circumstance.

Accordingly, we affirm the order denying leave to file a post-trial motion *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023