J-S09042-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVE KADUCK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REGIS MANNKE, | : | |
| | : | |
| Appellant | : | No. 1397 WDA 2018 |

Appeal from the Order Entered September 6, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-17-000094

BEFORE:  PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED APRIL 29, 2019**

Regis Mannke appeals from the September 6, 2018 order of the trial court, which denied his petition for leave to file a post-trial motion *nunc pro tunc*.  Upon review, we affirm.

This case arises from a dispute between Mannke and Steve Kaduck. By way of background, Mannke is in the limousine sales business.  Kaduck owns and operates Trimco Auto Upholstery.  During the summer of 2016, Mannke asked Kaduck to perform some work on a limousine Mannke had acquired. N.T., 1/22/2018, at 8.  On August 31, 2016, Kaduck informed Mannke that the work had been completed. *Id*. at 13.[1]  Mannke went to inspect the vehicle and noticed that portions of it were not the color he

---

[1] The transcript indicates the date is October 31, 2016; however, based upon the testimony, this is clearly an error.  It should read August 31, 2016.

* Retired Senior Judge assigned to the Superior Court.

believed he had requested. *Id*. According to Kaduck, because Mannke needed the limousine for his business, Mannke accepted the limousine and indicated he would contact Kaduck if Mannke wanted Kaduck to change the color. *Id*. at 13-14. According to Mannke, Kaduck would not let him take the limousine from the shop until Mannke paid for the work. *Id*. at 36. In any event, Mannke gave Kaduck a check for $2,750, and Mannke left the shop with the limousine. *Id*. at 14.

According to Kaduck, Mannke called him the following day to tell him that Mannke was not happy with the color. *Id*. Kaduck claimed he offered to change the color, and the two agreed that Mannke would bring the limousine back the following Tuesday. *Id*. at 14-15. Mannke never dropped off the vehicle, and when Kaduck went to cash the check, it bounced. *Id*. at 15. Kaduck learned Mannke had put a stop payment on the check.[2] *Id*. Kaduck and Mannke could not come to a resolution, and Kaduck filed *pro se* a complaint against Mannke at the magisterial district court, asserting a claim for the $2,750.

On December 13, 2016, the magisterial district judge entered a verdict in favor of Kaduck and against Mannke for $2,905.77.[3] Mannke filed an appeal to the Court of Common Pleas, which was referred to the arbitration

---

[2] Mannke testified that he put a stop payment on the check "the minute [he] left" Kaduck's shop. N.T., 1/22/2018, at 36.

[3] This amount included interest and court costs.

division. On April 5, 2017, the panel of arbitrators found in favor of Mannke. Kaduck filed an appeal for a trial *de novo* in the Court of Common Pleas. A non-jury trial was held by the Honorable Michael F. Marmo on January 22, 2018.

Both parties appeared *pro se* and testified as discussed *supra*. On January 24, 2018, the trial court entered a verdict in favor of Kaduck and against Mannke for $1,842.50. On February 2, 2018, Mannke filed a motion for reconsideration,[4] requesting the trial court dismiss the case. On March 14, 2018, Mannke filed a motion to place an additional defendant on the docket. The parties appeared for argument, and the trial court denied the motions on March 19, 2018. In addition, the trial court entered a "corrected" non-jury verdict the same day. The corrected verdict only increased the award to Kaduck by four dollars.

Mannke *pro se* timely filed a notice of appeal to this Court from the March 19, 2018 corrected verdict, which was docketed at 532 WDA 2018. On July 25, 2018, this court, via a *per curiam* order, dismissed the appeal *sua sponte* because Mannke did not file a post-trial motion after the March 19, 2018 corrected verdict.

---

[4] Post-trial motions must be filed within 10 days after the entry of a verdict. **See** Pa.R.C.P. 227.1(c)(1). However, "this ten-day period does not commence until the prothonotary sends notice of the decision to the parties." **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 390 (Pa. Super. 2015). Here, the verdict was entered on January 22, 2018, but not filed and served until January 24, 2018. Thus, Mannke's post-trial motion, filed February 2, 2018, was timely.

Mannke then retained counsel. On August 23, 2018, Mannke, through counsel, filed with the trial court a motion for leave to file a post-trial motion *nunc pro tunc*. He argued, *inter alia*, that the trial court should permit him to file a post-trial motion *nunc pro tunc* because "it is not clear that even seasoned counsel would have been aware of the necessity to file additional requests for relief after the issuance of the corrected verdict." Motion for Leave to File Motion for Post-Trial Relief *Nunc Pro Tunc*, 8/23/2018, at ¶ 36. The trial court denied that motion without argument on September 6, 2018.[5] Mannke timely filed a notice of appeal from that order. Both Mannke and the trial court complied with Pa.R.A.P. 1925.

On appeal, Mannke contends that the trial court erred in denying his motion for leave to file a post-trial motion *nunc pro tunc*.[6] **See** Mannke's Brief at 4. Specifically, Mannke claims that the trial court's entering a corrected verdict created confusion as to whether new post-trial motions were necessary. **Id**. at 21.

"The decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court. We will not reverse unless the trial

---

[5] Mannke timely filed a motion for reconsideration of that order, wherein he requested the trial court hold argument on the motion for leave to file a post-trial motion *nunc pro tunc*. Motion for Reconsideration, 9/24/2018, at ¶¶ 6-7. On September 25, 2018, the trial court denied that motion.

[6] Kaduck has elected not to file a brief in this appeal. Kaduck's Letter, 1/28/2019 ("I have chosen not to file a brief.").

court abused its discretion." ***Lenhart v. Cigna Companies***, 824 A.2d 1193, 1195 (Pa. Super. 2003) (internal citation omitted).

> An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.
>
> Allowance of an appeal[7] *nunc pro tunc* lies at the sound discretion of the trial judge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a trial court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. … Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances.

***Id.*** at 1195–96 (internal citations and quotation marks omitted, capitalization altered).

Instantly, in his motion to the trial court, Mannke did not allege any "extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." ***Id***. at 1196. In fact, Mannke recognizes the well-settled principle that despite his *pro se* status at the time he failed to file a post-trial motion, his "ignorance of the Rules of Civil Procedure may not serve as an adequate excuse." Motion for Leave to

---

[7] This Court and our Supreme Court use the same standards in addressing claims for leave to file a post-trial motion *nunc pro tunc* and leave to file an appeal *nunc pro tunc*. ***See D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 922 (Pa. Super. 2013).

File Motion for Post-Trial Relief *Nunc Pro Tunc*, 8/24/2018, at ¶ 35. However, he claims that this Court's decision in **Vietri v. Delaware Valley High School**, 63 A.3d 1281 (Pa. Super. 2013), is analogous and entitles him to relief. **Id**. at ¶ 45; Mannke's Brief at 24-25.

In **Vietri**, Vietri initially sought to appeal an order granting summary judgment. However, prior to filing a notice of appeal, Vietri filed a motion for post-trial relief. This Court sent a letter to Vietri explaining that his appeal "may be premature because … post-trial motions [had been] filed." **Id**. at 1282. Vietri then requested that the trial court rule on the post-trial motion. Prior to a ruling by the trial court, this Court quashed Vietri's appeal. The trial court subsequently denied Vietri's post-trial motion, and Vietri filed a notice of appeal. This Court once again quashed Vietri's appeal as being an untimely-filed appeal from an order granting summary judgment. This Court pointed out that Vietri could seek *nunc pro tunc* relief in the trial court. Vietri filed a motion for leave to appeal *nunc pro tunc* with the trial court, and the trial court denied it, and Vietri filed a notice of appeal to this Court from that order.

In considering whether the trial court erred in denying Vietri *nunc pro tunc* relief, this Court concluded that this Court's quashing of Vietri's first appeal "complicated the situation" and therefore rose to the level of "a

breakdown in this Court that interfered with [Vietri's] right to appeal."[8] *Id*. at 1289. Thus, this Court reversed the order of the trial court and permitted an appeal *nunc pro tunc*, because responsibility for the "tortured path" of the case was caused by actions of "[Vietri], this Court, and the trial court." *Id*. at 1282.

Instantly, we have a different situation before us. Mannke *pro se* filed a notice of appeal without having filed post-trial motions after a non-jury verdict.[9] This Court concluded that no issues had been preserved for review, which required Mannke to seek *nunc pro tunc* relief in the trial court. In doing so, the trial court had to evaluate whether Mannke was asserting

---

[8] This Court pointed out that post-trial motions are procedurally impermissible after the entry of summary judgment, and the trial court should have treated Vietri's post-trial motion as either a motion for reconsideration or a nullity. Thus, this Court concluded that the letter indicating the first appeal may be premature due to the pendency of post-trial motions was "misleading." *Id*. at 1289.

[9] Arguably, post-trial motions may not have to be filed for a "corrected" verdict. *See Vautar v. First Nat'l Bank of Pennsylvania*, 133 A.3d 6, 12 (Pa. Super. 2016) (*en banc*) (holding that requiring appellants to initiate a second round of post-trial motions after the trial court issued an amended/supplemental verdict "would have been fruitless, a waste of judicial resources, and would not have furthered the underlying purposes of Rule 227.1"). However, Mannke, who was acting *pro se*, did not raise that argument to this Court in response to the rule to show cause in his prior appeal. In addition, Mannke did not make that argument to the trial court in his motion for leave a post-trial motion *nunc pro tunc*, or in this appeal. An appellate court "will not act as counsel and will not develop arguments on behalf of an appellant." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). Thus, we agree with the trial court that Mannke has waived any issue regarding whether a post-trial motion had to be filed from the corrected verdict. *See* Trial Court Opinion, 11/16/2018, at 2 (unnumbered).

- 7 -

"extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." *Id*. at 1196. In his motion, Mannke did not assert any error by either the trial court or this Court in handling the prior appeal;[10] and our review of the record reveals that there was none. Mannke's appeal was dismissed by this Court due to Mannke's failure to comply with Pa.R.C.P. 227.1(c)(1), which possibly occurred because Mannke was proceeding *pro se*. **See Vann v. Unemployment Compensation Board of Review**, 494 A.2d 1081, 1086 (Pa. 1985) (pointing out that *pro se* litigant must to some extent assume the risk that his lack of legal training will prove his undoing); **Commonwealth v. Abu-Jamal**, 555 A.2d 846, 852 (Pa. 1989) (noting that *pro se* litigant "is subject to same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney"); **Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa. Super. 1991) (pointing out that *pro se* litigant not absolved of complying with procedural rules and courts have no affirmative duty to walk *pro se* litigant through the rules). Thus, we conclude that the trial court did not err in denying Mannke

---

[10] Mannke claimed that the trial court created "significant confusion" by considering the purportedly untimely filing of Mannke's post-trial motion from the original verdict. Motion for Leave to File Motion for Post Trial Relief *Nunc Pro Tunc*, 9/10/2018, at ¶ 46. However, as discussed *supra*, that motion was timely filed.

relief.[11] **See Lenhart**, 824 A.2d at 1197-98 (holding that the "grant of *nunc pro tunc* relief is not designed to provide relief to parties [who had] not followed proper procedure in preserving appellate rights").

Mannke also contends the trial court erred in denying his motion for leave to file a post-trial motion *nunc pro tunc* without holding argument. Mannke's Brief at 31-34. Specifically, Mannke claims that pursuant to Allegheny County Local Rule 227.1, Mannke's motion for leave to file a post-trial motion *nunc pro tunc* should have been treated itself as a post-trial motion, which requires argument prior to disposition. **See** Allegheny County Local Rule 227.1(1)(a) ("Argument shall be scheduled by the [t]rial [j]udge without praecipe.").

Mannke raised this issue for the first time in his motion for reconsideration. However, "[r]aising an issue for the first time in a motion for reconsideration … does not rescue that issue from waiver." **Meyer-**

---

[11] We recognize that the trial court did not apply the "extraordinary circumstances" standard in denying Mannke relief. **D.L. Forrey & Assocs., Inc.**, 71 A.3d at 921. As indicated *supra*, the trial court denied Mannke's request on the basis that Mannke could have and should have raised those arguments to this Court. **See** Trial Court Opinion, 11/16/2018, at 2 (unnumbered). We conclude the trial court erred in this regard. The trial court was permitted to exercise its discretion to consider whether Mannke asserted "extraordinary circumstances to excuse [his] failure to file post-trial motions." **D.L. Forrey & Assocs., Inc.**, 71 A.3d at 921.

Nevertheless, based on our reasoning as outlined *supra*, Mannke was not entitled to the relief he sought. "It is well-settled that this Court may affirm a trial court's ruling on any basis." **Commonwealth v. Kennedy**, 151 A.3d 1117, 1127 (Pa. Super. 2016).

***Chatfield Corp. v. Bank Fin. Servs. Grp.***, 143 A.3d 930, 938 n.4 (Pa. Super. 2016). Thus, this issue is waived.

Even if Mannke did not waive this issue, he would not be entitled to relief. A motion for leave to file a post-trial motion *nunc pro tunc* is decidedly not a post-trial motion, and therefore, the trial court did not err by not holding argument in accordance with Allegheny County Local Rule 227.1(1)(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2019