J-S09040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY FELICIANO | : | |
| | : | |
| Appellant | : | No. 1622 EDA 2021 |

Appeal from the Order Entered July 20, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004137-2011

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                  **FILED MARCH 18, 2022**

Appellant Anthony Feliciano appeals from the Order entered in the Court of Common Pleas of Philadelphia County on July 20, 2021, denying his *pro se* "Petition to Filed Post-Sentence Motion *Nunc Pro Tunc*."  Following our review, we quash this appeal.

The trial court set forth the relevant facts and procedural history herein as follows:

> On January 27, 2011, [Appellant] was arrested and charged with Murder and related offenses. On April 2, 2013, [Appellant] appeared before the Honorable Lillian Ransom and entered into a negotiated guilty plea to Third-Degree Murder and Possession of an Instrument of Crime ("PIC"). On that same date, Judge Ransom imposed the negotiated sentence of twenty to forty years of imprisonment for Third-Degree Murder. [Appellant] did not appeal.
> On November 4, 2013, [Appellant] filed a *pro se* Motion to Vacate for Lack of Statutory Authorization. This matter was

---

[*] Former Justice specially assigned to the Superior Court.

assigned to this [c]ourt on December 8, 2016, and it treated [Appellant's] *pro se* motion as a *pro se* Post-Conviction Relief Act ("PCRA") petition. On July 13, 2017, appointed counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On July 18, 2017, this [c]ourt issued its Notice of intent to Dismiss Pursuant to Pa.R.Crim.P. 907. On September 7, 2017, this [c]ourt dismissed the petition. [Appellant] did not appeal.

On July 30, 2019, [Appellant] filed a Writ of Habeas Corpus, which this [c]ourt treated as his second untimely PCRA petition. On August 19, 2019, this [c]ourt issued its 907 Notice, and on October 3, 2019, dismissed that petition. On June 3, 2020, after a timely notice of appeal, the Superior Court of Pennsylvania affirmed this Court's dismissal,

On July 10, 2021, [Appellant] fled a *pro se* petition to file a post-sentence motion, *nunc pro tunc*, which is the subject of this appeal. On July 20, 2021, this [c]ourt denied his petition, and [Appellant] filed a timely Notice of Appeal.

Trial Court Opinion, filed 9/22/21, at 1-2.

In his brief, Appellant presents the following issue for this Court's consideration:

Whether Appellant is entitled to have his Post Sentence Rights Reinstated *Nunc Pro Tunc* as there was a breakdown in the Court Operations.

Brief for Appellant at 3.

Appellant asserts that he did not comply with Pa.R.Crim.P. 704[1] at the time of sentencing because the sentencing court failed to notify him of the

---

[1] Entitled Procedure at Time of Sentencing, Pa.R.Crim.P. provides, in relevant part:

(3) The judge shall determine on the record that the defendant has been advised of the following:

*(Footnote Continued Next Page)*

time in which he had to file a timely post-sentence motion. Appellant also posits his failure to raise this claim previously was the result of the interference of government officials in violation of 42 Pa.C.S.A. § 9545(b)(1)(i).[2] Brief for Appellant at 7-8.

Preliminarily, we address whether we have jurisdiction over this matter, for this Court lacks jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte.* **Commonwealth v. Burks***,* 102 A.3d 497, 500 (Pa.Super. 2014).

_____

(a) of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal;

Pa. R. Crim. P. 704(C)(3)(a).

[2] This subsection reads as follows:

**(b) Time for filing petition.—**

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

42 Pa.C.S.A. § 9541(b)(1)(i).

With respect to the procedure for requesting to file a post-sentence motion *nunc pro tunc*, this Court has provided the following:

> [U]nder 42 Pa.C.S.A. § 5505, if no appeal ha[s] been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*. Consistent with this principle, we recently observed that the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and we will not reverse unless the trial court abused its discretion. **See Lenhart v. Cigna Companies,** 824 A.2d 1193, 1195 (Pa.Super. 2003).
>
> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing. ***Merely designating a motion as "post-sentence motion nunc pro tunc" is not enough***. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly. . . .
>
> [I]n order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

**Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa.Super. 2003) (*en banc*) (emphasis added).

Appellant herein filed his "Petition to Filed Post-Sentence Motion *Nunc Pro Tunc*" over eight years after he had been sentenced and after he litigated two petitions pursuant to the Post Conviction Relief Act (PCRA).[3] **See** Pa.R.A.P. 105(b); Pa.R.A.P. 903(a); **Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa.Super. 2003) (*en banc*) (the filing of untimely post-sentence

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

- 4 -

motions does not toll the thirty-day period to file an appeal from the judgment of sentence). "Generally, an appellate court cannot extend the time for filing an appeal." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa.Super. 2007). However, this Court has declined to quash otherwise untimely appeals in circumstances where "the failure to file a timely appeal [resulted from] a breakdown in the court system." *Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa.Super. 2019).

A breakdown in the court system occurs when the trial court "either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." *Patterson*, 940 A.2d at 498. As previously stated, Pa.R.Crim.P. 704(C)(3)(a) provides that the trial court, at the time of sentencing, shall advise the defendant of his "right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal." Pa.R.Crim.P. 704(C)(3)(a) (emphasis added).

Herein, Appellant's assertion that he was not properly advised of his post-sentence rights is expressly belied by the record, as he was informed of the need to file a post-sentence motion at his guilty-plea colloquy. N.T. 4/2/13 at 8-10. Specifically, after informing Appellant that his appeal rights would be limited if he were to enter a guilty plea, Appellant's counsel engaged in the following exchange with Appellant on the record:

> Counsel: Now, do you understand that after you enter the guilty plea, your rights, as I've told you, you can, of course, seek

- 5 -

a modification, if you do it within ten days of today's date, to the sentence that's been imposed but, of course, it's negotiated, so the [c]ourt is not likely to grant that. Do you understand?

Appellant: Yes.

*Id*. at 10.

Moreover, Appellant entered into a negotiated guilty plea, and it is well-settled that a guilty plea amounts to a waiver of all non-jurisdictional defects and defenses. Thus, Appellant could have appealed only matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of his sentence. ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa.Super. 2017). ***See also Commonwealth v. Dalberto***, 648 A.2d 16, 21 (Pa.Super. 1994), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995) (stating "in a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process"). Appellant was advised of this prior to entering his guilty plea. ***See supra***; N.T. 4/2/13 at 8.

Appellant's arguments to the contrary, there was no breakdown in the trial court's operations which prevented him from filing a timely post-sentence motion or appeal. Indeed, the record shows that Appellant was properly and thoroughly advised of the time for filing both post-sentence motions and an appeal prior to entering his guilty plea on April 2, 2013, and he was sentenced on that same date; however, he did not file a timely post-sentence motion.

Under Pa.R.Crim.P. 720(A)(3), Appellant was required to file his notice of appeal within 30 days of the date of imposition of sentence, yet he did not do so. Accordingly, we must quash this appeal for lack of jurisdiction. ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1245 (Pa.Super. 2015).[4]

_____

[4] To the extent Appellant is attempting to seek relief pursuant to the PCRA, as the trial court correctly has found, Appellant's motion based on his assertion that the trial court filed to advise him of his appellate rights does not fall within the ambit of the PCRA. As the trial court stated:

> In determining whether an untimely motion is a post-sentence motion or PCRA petition, a post-conviction court is required to examine the contents of the filing. *Commonwealth v. Witherspoon*, 237 A.3d 1096 at *2 (Pa.Super. 2020) (table) (citing *Commonwealth v. Taylor*, 65 A.2d 1287, 1289 (Pa.Super. 2007) "[t]he content of the motion just exactly what is pled and requested therein---is relevant to deciding whether to treat the motion as a collateral petition." *Id.* at 466)). If the claim raised in the pleading does not fall under the ambit of the PCRA, then a post-conviction court must deem the motion as an untimely post-sentence motion. *Commonwealth v. Torres*, 223 A.3d 715, 716-17 (Pa.Super. 2019).
>
> Here, [Appellant] filed a boilerplate, self-styled, "Petition to Filed Post-Sentence Motion *Nunc Pro Tunc*." [Appellant] does not state what he is attempting the raise in the instant motion nor does he address why he is now filing a post-sentence motion, over eight years after he was sentenced and after litigating two PCRA petitions. Just as in *Torres*, [Appellant] fails to raise an issue that is cognizable under the PCRA. *Id*. at 716. Thus, this [c]ourt determines that the instant motion is a *nunc pro tunc* post-sentence motion and is denied accordingly.

Trial Court Opinion, 9/22/21, at 2.

Furthermore, even if we were to find that Appellant's motion should be treated as a PCRA petition, such petition clearly is untimely, and Appellant has failed to either plead or prove any of the enumerated timeliness exceptions stated therein. Appellant was sentenced on April 2, 2013, and his judgment

*(Footnote Continued Next Page)*

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2022

_____

of sentence became final on May 2, 2013, when his time to file an appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until May 2, 2014, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant did not file the instant "Petition to Filed Post-Sentence Motion *Nunc Pro Tunc*" until July 10, 2021, over eight years later, it is facially untimely, and we would lack jurisdiction to consider the appeal's merits because he neither pled nor proved one of the three limited exceptions to the PCRA time-bar, namely:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).